IKE BRUCE v. THE STATE.

No. 1686. Decided April 19, 1899.

1. **Notice of Appeal—Practice on Appeal.**

Unless the record on appeal shows that notice of appeal was given in the lower court, the appeal will be dismissed.

2. **Appeal Without Recognizance—Clerk's Certificate.**

A certificate of the clerk which simply recites that "defendant is now in the E. County jail, no recognizance having been given," is insufficient to show that defendant had been continuously in jail, where the judgment was in October, and the said certificate dated the following January.

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for selling liquor on election day; penalty, a fine of $100.

The Assistant Attorney-General moved to dismiss the appeal, (1) because the record fails to show that notice of appeal was given; (2) because the record fails to disclose, by the clerk's certificate, that appellant was by the court remanded to jail upon failure to enter into recognizance pending the appeal.

*W. H. Fears,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State, as to the first ground of the motion to dismiss the appeal, cited Code of Criminal Procedure, article 883; Johnson v. State, 8 Texas Criminal Appeals, 671; Wilson v. State, 12 Texas Criminal Appeals, 481; Lawrence v. State, 14 Texas Criminal Appeals, 432.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of selling liquor on an election day, and he appeals.

The Assistant Attorney-General moves a dismissal of the appeal, because, first, the record fails to show that notice of appeal was given in the court below. After an inspection of the transcript, we find this contention correct. And as the second ground for dismissal he urges the record fails to show that appellant has been in jail continuously from the time of his conviction. The record contains a certificate of the clerk that "defendant is now in the Ellis County jail, no recognizance having been given." This certificate is dated January 23, 1899. The judgment was entered October 13, 1898. The certificate should have shown that appellant has been continuously in jail pending his appeal, if it is sought to confer jurisdiction upon this court in this manner, instead of by recognizance. The motion to dismiss the appeal is sustained, and the appeal is accordingly dismissed.

*Dismissed.*