### JACK McHENRY v. The State.

No. 2236. Decided January 16, 1901.
Motion for Rehearing Decided February 6, 1901.

1. **Appeal in Misdemeanor—Sheriff's Certificate as to Defendant Being in Jail—Jurisdiction.**

Where a defendant appeals from a conviction in a misdemeanor case and fails to enter into a recognizance perfecting his appeal, the transcript must show he was so continuously confined in jail pending the appeal. A sheriff's certificate to the effect that defendant is "now confined in the county jail" does not show a continuous confinement in jail pending the appeal and is not sufficient to attach jurisdiction on appeal.

ON MOTION FOR REHEARING.

**2. Same—Practice on Appeal.**

An appellant whose appeal has been dismissed because it did not appear that he had been continuously confined in jail pending his appeal may, by proper affidavits showing that fact, have the dismissal set aside and the appeal reinstated and heard.

**3. Vagrancy—Evidence Insufficient.**

See opinion for facts stated, held to be insufficient to support a conviction of vagrancy.

Appeal from the County Court of Dallas. Tried below before Hon. Kenneth Foree, County Judge.

Appeal from a conviction of being a vagrant; penalty, a fine of $5. No statement necessary. The opinion on rehearing states the facts.

No briefs on file for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted in the County Court of Dallas County on the 14th day of August, 1900, but failed to enter into a recognizance after giving notice of appeal. On the 3d day of December, 1900, the sheriff filed the following certificate: "I, J. Roll Johnson, sheriff of Dallas County, do hereby certify that Jack McHenry, the defendant in cause No. 23,451 in the County Court of Dallas County, Texas, is now confined in the county jail of Dallas County, Texas." The jurisdiction of this court attaches to misdemeanor appeals in only two ways—by recognizance properly entered into in the trial court, or by defendant being placed in jail pending the appeal. In order to attach jurisdiction of this court in the latter case, the certificate that the party is in jail must show he has been continuously in jail pending the appeal. We notice the sheriff does not undertake to certify he has been continuously in jail, but simply that he is now (on December 3d) in jail. This is not sufficient. The appeal is dismissed. Bruce v. State, 40 Texas Crim. Rep., 377.

*Appeal dismissed.*

ON MOTION FOR REHEARING.

BROOKS, Judge.—Appellant was convicted for being a vagrant, and his punishment assessed at a fine of $5. At a previous day of this term the appeal was dismissed, because it was not made to appear that appellant had been continuously confined in jail since appeal. However, it is made to appear by affidavits that he is now, and has been ever since his conviction, confined in the Dallas County jail. The facts are about as follows: The State introduced five or six officers, who testified that they saw defendant on the 17th of July, 1900, in the "south end"

of the city of Dallas, and on other occasions within the last few months prior thereto in saloons there and in Ed Truelove's saloon; had never seen defendant at work at anything; did not know where he ate or slept; did not know where his father lived. Sid McHenry testified that defendant was his son; that defendant was nineteen years old, and had lived with witness and his wife all of his life; that witness kept house, and defendant had always kept a room there, and eaten at his table; that witness was now, and had always been, able and willing to support defendant; that defendant worked regularly at different kinds of work, helped witness about his meat and vegetable market; defendant ate and slept at his house regularly; witness usually went home about 9 o'clock at night, and left at 4 in the morning; that he generally saw defendant at home at night. Harry Milner testified he was in the saloon business, and defendant worked for him four months this year; that he was an industrious boy, and left him on the 3d of July because witness could not afford to keep him longer. Ed Truelove testified that defendant worked for him in South Dallas, and was working for him on the 17th of July, when he was arrested; that he began work on the 4th, and continued to work until the 17th; defendant worked by the week, and he paid him regularly; that in his employment of defendant he had agreed to furnish him with board and lodging, and he did sleep and eat at his place of business. W. R. Tanner testified that he knew defendant, and knew his father and mother were able to support him, and had seen defendant at work several times in different places. Defendant testified that he was nineteen years old, and lived with his father and mother; that he was never idle more than a few days at a time since he was old enough to work; that he had worked for different factories, and for several different persons; had worked for four months for Harry Milner, and left him on the 3d of July, and began work for Ed Truelove, a saloon man, on the 4th of July, and continued until he was arrested on this charge; that his father was able to support him, and had never refused to do so. We do not think the evidence in this case shows appellant is a vagrant, within the contemplation of the laws and statutes of this State. Because of the insufficiency of the evidence to support the conviction, the judgment is reversed. Motion for rehearing is granted. Judgment reversed, and cause remanded.

*Motion granted. Reversed and remanded.*