## Ex Parte Sol Brown.

No. 2171. Decided May 8, 1901.
Motion for Rehearing Decided June 26, 1901.

**1.—Habeas Corpus in Vacation—Certificate to Transcript for Appeal.**

Where a writ of habeas corpus is heard in vacation and an appeal is taken, the transcript on appeal must be certified by the trial judge, and not by the clerk.

**2.—Same—Practice on Appeal.**

Where the record on appeal, in a habeas corpus proceeding fails to show that relator has been continuously in the custody of the sheriff since he was remanded on the hearing of the writ, the appeal will be dismissed.

### ON MOTION FOR REHEARING.

**3.—Justices of the Peace—Jurisdiction.**

Justices of the Peace have original concurrent jurisdiction in criminal matters coetensive with the limits of the county when the punishment is by fine only, and the maximum of the fine does not exceed $200. In such cases a justice of the peace has jurisdiction of any case occurring in the county whether in his own or any other justice's precinct in the county.

Appeal from Burleson County. Habeas corpus before county judge in vacation. Tried below before Hon. R. J. Alexander, County Judge.

Appeal from a judgment in a habeas corpus proceeding remanding relator to custody.

The opinion states the case.

*A. L. Davis* and *Ben B. Hunt,* for relator.—With regard to final trial of causes coming within the jurisdiction of a justice of the peace, whether civil or criminal, the statute evidently contemplates that the action and jurisdiction of the justice court shall be limited by and to his precinct.

It is admitted that the offense with which the relator stood charged was committed in justice precinct No. 2 of Burleson County, and that there was a regular elected justice of the peace holding the office in said precinct; that the complaint was made against the relator in justice precinct No. 1 of Burleson County; that he was tried in and before the justice of the peace of precinct No. 1; that he regularly entered his plea, claiming the right to be prosecuted in precinct No. 2, where the offense with which he was charged was alleged to have been committed. Hart v. State, 15 Texas Crim. App., 226; Henry v. State, 17 Texas Crim. App, 178.

*Rob't A. John,* Assistant Attorney-General, for respondent.

BROOKS, Judge.—Upon application for the writ of habeas corpus before Hon. R. J. Alexander, county judge of Burleson County, relator was remanded to the custody of the sheriff, and appeals. The Assistant Attorney-General moves the dismissal of this appeal on the following grounds, to wit: "(1) That, although there is a copy of the certifi-

cate of the county judge before whom the writ of habeas corpus was heard, this transcript before this court was certified to and the copy of said certificate of the county judge is certified to by the county clerk of Burleson County. (2) The State further moves to dismiss the appeal because the purported record or transcript fails to show relator has been continuously in the custody of the sheriff since he was remanded upon the hearing of said writ." An examination of the record shows the grounds of the motion are meritorious. The record should be certified by the judge, instead of by the clerk, when the hearing is had in vacation. See Ex parte Overstreet, 39 Texas Crim. Rep., 468; Ex parte Malone, 35 Texas Crim. Rep., 297. The record fails to show relator has been continuously in custody of the sheriff since he was remanded upon the hearing of said writ. This is necessary. See Ex parte Patterson, 42 Texas Crim. Rep., 256; Ex parte Snyder, 39 Texas Crim. Rep., 120; Bruce v. State, 40 Texas Crim. Rep., 377. The motion is sustained, and the appeal is accordingly dismissed.

*Dismissed.*

### ON MOTION FOR REHEARING.

BROOKS, Judge.—At a previous day of this term the appeal was dismissed. Upon the showing made by appellant by affidavits, the motion for rehearing is granted and the cause reinstated upon the docket.

Appellant sued out a writ of habeas corpus before Hon. R. J. Alexander, judge of the County Court of Burleson County, asking discharge from prosecution upon the following agreed statement of facts: "That the offense for which appellant was convicted was committed in precinct No. 2 of Burleson County, Texas, and that appellant was tried and convicted in precinct No. 1, in the justice court; and there is a duly qualified justice of the peace in precinct No. 2 of Burleson County; and that said facts were duly pleaded in justice court of precinct No. 1 by appellant's counsel." Under the above state of facts relator was remanded by the judge, and from said order he appeals to this court.

Appellant's contention is that precinct No. 1 has no jurisdiction of the case from the standpoint of venue, because the offense was committed in precinct No. 2. Article 5, section 18, of the Constitution, provides that "each organized county in the State now or hereafter existing shall be divided from time to time for the convenience of the people into precincts, not less than four nor more than eight," etc. Section 19 reads: "Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars; and in civil matters in all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the district or county court; and such other jurisdiction, criminal and civil, as may be provided by law under such regulations as may be pre-

scribed by law," etc.    Under the Revised Civil Statutes of 1895, the civil jurisdiction of justices of the peace is limited in their territorial jurisdiction to the precinct, except in certain designated instances.    No such provision has been enacted by the Legislature with reference to criminal matters.    Article 96, Code of Criminal Procedure, provides, "Justices of the peace shall have and and exercise concurrent jurisdiction with other courts in all cases arising under the criminal laws of this State, in which punishment is by fine only, and where the maximum of such fine may not exceed $200, except in cases involving official misconduct."    We hold that the term "original concurrent jurisdiction" means that the territorial jurisdiction of the justice of the peace in criminal matters is coextensive with the limits of the county.    This position is strengthened by article 471, Code of Criminal Procedure, whereby the district court is authorized to transfer indictments over which said court has no jurisdiction to such inferior courts as may have jurisdiction to try offenses therein charged.    And article 472, Code of Criminal Procedure, provides: "Causes over which justices of the peace have jurisdiction may be transferred to a justice of the peace at the county seat, or in the discretion of the judge to a justice of the precinct in which the same can be most conveniently tried, as may appear by memorandum indorsed by the foreman of the grand jury on the indictment or otherwise," etc.    If this position is not correct, then the law authorizing the district judge to transfer these cases to justice courts would necessarily force them to transfer such causes to that justice precinct wherein it originated.    These particular statutes were passed upon by us in Philpott v. State, 2 Texas Court Reporter, 558; and we held that the discretion was lodged in the district judge to transfer the cases to the territory authorized under the statute, and his discretion was not a matter that could be impeached or questioned after he had acted upon the same. The question of the meaning of "concurrent jurisdiction," in reference to territory, was passed upon in Keator Lumber Company v. St. Croix Boom Company, 72 Wisconsin, 62, 38 Northwestern Reporter, 529, and it was there stated: "When, therefore, by such compact it was, in effect, provided that each such state shall have concurrent jurisdiction of that portion of the river St. Croix constituting the boundary line between them, it included the exercise of such legislative powers by each State over the whole river as were consistent with the exercise of similar powers over same portions of the river by the other State.    In other words, by such compact each State secured to itself such concurrent jurisdiction upon the half river within the territorial limits of the other State by reducing what would have been otherwise its exclusive jurisdiction upon its one-half to a mere concurrent jurisdiction."    In Tolliver v. State, 32 Texas Criminal Reports, 444, we held that a justice of the peace had no power to issue a warrant to a county without naming it, but that, if he put the name of the county, he must put the name of the county where he resides, having jurisdiction to issue warrants coextensive with the limits of the county.    We think it clearly follows that, in

misdemeanors over which he has concurrent jurisdiction, he has ample and full constitutional power to try the same, whether said offense occurred in his precinct, or in some other precinct in said county. The judgment in this case is affirmed.

*Affirmed.*

Henderson, Judge, absent.