### ALBERT SANDIFER v. STATE.

No. 1233.  Decided June 7, 1911.

Rehearing denied October 18, 1911.

**1.—Assault to Murder—Recognizance—Custody.**

Where, upon appeal from a conviction of a misdemeanor, there was no recognizance in the record, nor did it appear therefrom that appellant was in custody, the appeal must be dismissed.

**2.—Same—Statement of Facts—Filing—Transcript.**

Statement of facts must not be filed back, and the transcript of the record of the case must be promptly filed in the Appellate Court.

Appeal from the District Court of Tarrant.  Tried below before the Hon. Jas. W. Swayne.

Appeal from a conviction of simple assault; penalty, a fine of $5. The opinion states the case.

*Parker & Parker,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Upon a trial under an indictment charging him with an assault to murder, appellant was convicted of simple assault and his punishment assessed at a fine of $5.

A motion for a new trial was filed and overruled, and appellant's recognizance fixed at the sum of $600. There is no recognizance in the record, nor is it affirmatively shown that appellant is in jail. The assistant attorney-general has made a motion to dismiss the appeal on those grounds. The motion is sustained. Young v. State, 8 Texas Crim. Rep., 81; Evans v. State, 8 Texas Crim. App., 671, and authorities cited under articles 886 and 888, White's Annotated Code of Criminal Procedure.

There is another matter appearing in this record to which we wish

to call attention. The final judgment in this case was entered May 20, 1909, while the transcript on appeal was not filed in this court until April 27, 1911. It appears by the certificate of the clerk that the transcript was made out August 31, 1910, and while the statement of facts bears a file date of June 1, 1909, there is an annotation which would indicate that it was not really filed until August 2, 1910, more than a year after the case was tried. We want to call the attention of the officers of the courts and attorneys, that statements of facts must not be filed back, and that records must be promptly filed in this court. The law must be complied with in these respects or the cases on appeal can not be considered by us.

The appeal is dismissed.

*Dismissed.*

[Rehearing denied October 18, 1911.—Reporter.]