G. M. WHITE v. THE STATE.

No. 5765. Decided May 5, 1920.

1.—Tick Eradication—Recognizance—Transcript—Custody.

It is necessary that the record show either a recognizance, or the affirmative fact that the appellant has been continuously in jail since the overruling of his motion for new trial, in order to give this court jurisdiction, and the mere statement of the clerk that defendant is in the custody of the sheriff is not sufficient. Following Bruce v. State, 40 Texas Crim. Rep., 378, and other cases.

2.—Same—Ex Parte—Affidavit—Jurisdiction—Custody.

The question involved being the jurisdiction of this court, the right to consider an *ex parte* affidavit of the sheriff that appellant is not in his custody is necessary.

3.—Same—Rehearing—Statutes—Construed.

Where, appellant contended that, under Article 918, Vernon's C. C. P., as amended by Chapter 18 of the Act of the regular session of the Thirty-sixth Legislature, this court acquired jurisdiction by the notice of appeal, and that whether or not the appellant was in custody or had given his recognizance became immaterial; held. While this act gave to the appellant the right to make a bail bond, etc., it does not seem to change the necessity that the record show upon appeal that appellant is either in jail or at large upon bail or recognizance, and the appeal must be dismissed.

Appeal from the County Court of Coryell. Tried below before the Honorable R. B. Cross.

Appeal from a conviction of tick eradication; penalty, a fine of Fifty Dollars.

The opinion states the case.

*Mears & Watkins,* for appellant.—Cited cases in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Coryell County, for a violation of the Tick Eradication Law, and fined the sum of $50.

We are met at the threshold of the consideration of this case, with a motion to dismiss this appeal, because the record contains neither recognizance nor affirmative showing that appellant had been continuously in jail. To this, appellant has replied, calling attention to a statement appearing on the last page of the transcript, which is as follows: ''Defendant failed to enter into bond or recognizance and is in custody of the sheriff.''

Our statute, Article 918, Vernon's C. C. P., and decisions, seem to make it necessary that the record show either a recognizance, or the affirmative fact that the appellant has been continuously in jail since the overruling of his motion for new trial. Harris v. State, 2 Texas Crim. App., 139; Young v. State, 8 Texas Crim. App., 81; Evans v. State, 8 Texas Crim. App., 671; Sandifer v. State, 63 Texas Crim. Rep., 361.

A statement of the clerk, in the transcript, that the defendant is now in the county jail; held not sufficient, in the absence of a recognizance for showing that he has been continuously in jail since his motion for new trial was overruled. Bruce v. State, 40 Texas Crim. Rep., 378, 58 S. W. Rep., 722; Woods, v. State, 55 S. W. Rep., 50; McHenry v. State, 42 Texas Crim. Rep., 469, 60 S. W. Rep., 880.

Appended to the motion of the Assistant Attorney General, is the affidavit of the sheriff of Coryell County, to the effect that at no time since the trial of appellant has he been in the custody of said officer, and that he is not now, and has not been, in jail. The question involved being the jurisdiction of this Court, we have the right to consider such *ex parte* affidavits, if necessary to ascertain the true facts.

For the reason that this court is without jurisdiction, in the absence of a recognizance or affirmative showing that appellant is in jail the motion of the State will be sustained, and the appeal dismissed.

*Dismissed.*

---

ON REHEARING.

May 5, 1920.

LATTIMORE, JUDGE.—Appellant has filed a vigorous motion for rehearing urging that under Article 918, Vernon's C. C. P., as amended by Chapter 18 of the Acts of the Regular Session of the Thirty-sixth Legislature, this Court acquired jurisdiction by the notice of appeal, and that whether or not appellant was in custody, or had given his recognizance, becomes immaterial. Said amended Act of the Thirty-sixth Legislature, Chapter 18, is as follows:

"Section 1. That Article 918 of the Code of Criminal Procedure be amended so as to hereafter read as follows:

Article 918. When the defendant appeals in any case of misdemeanor from the judgment of the district or county court, he shall, if he be in custody, be committed to jail unless he enter in recognizance or bail bond as provided by law. If for any cause the defendant fails to enter into recognizance or bail bond during the term at which he was tried, but gave notice and took an appeal from such conviction, he shall be permitted to give bail and obtain his release from custody by giving, after the expiration of such term of court. his bail and bond to the sheriff with two or more good and sufficient sureties, in an amount to be fixed by the court, in which the defendant and his sureties shall acknowledge themselves jointly and severally indebted to the State of Texas in such sum, and upon the same condition as provided for in recognizance on appeal. But before the defendant shall be released on such bail bond the same must be approved by the sheriff or the judge trying the cause or his successor in office. When such bail bond is accepted and approved, the defendant shall be released from custody the same as though .he had entered into recognizance during the term of court at which he was convicted.

Section 3. Whereas there is now no law authorizing the giving of bail bond on appeal in vacation or after the term of court at which one is tried in misdemeanor cases; and whereas this works a great

hardship and injustice to defendants in misdemeanor cases, and costs the various counties large sums of money in maintaining such prisoners in jail, creates an emergency and an imperative public necessity authorizing that the constitutional rule which requires that bills be read on three several days be suspended and that this bill take effect from and after its passage, and it is so enacted.''

This gives to the appellant the right to make a bail bond after the expiration of the term of court at which he was convicted, but does not seem to change the necessity for the record upon appeal to show that he was either in jail or at large upon bail or recognizance. He may be in custody, and that fact appear of record, in which event the jurisdiction of this court will attach, or he may be on recognizance, made during the trial, term, or on bail given after the expiration of said trial term, either of which latter facts appearing of record, our jurisdiction would also attach. Likewise, in case the record here shows that one accused be in custody, and thus our jurisdiction having attached, such party might, under the terms of said amended Article 918, make a bail bond effective in securing his enlargement and release from custody, pending the disposition of his case on appeal, such bond being conditioned as a recognizance on appeal; the fact of his making such bond after our jurisdiction had attached. would have no retroactive effect to cause the dismissal of the appeal, or deprive this Court of its power to dispose of the case upon its merits. It is easily possible that a case on appeal from a misdemeanor conviction might be pending in this Court for many months, and the evident intent of the Legislature in the enactment of said amended article was to give one convicted in a misdemeanor case, the right to make bond after his case had been appealed to this court, and thus prevent his remaining in custody, and the county having to pay the expenses of caring for him during the pendency of such appeal. Appellant's case is before us without a showing in the record that appellant is either in jail, or on any kind of bail or recognizance, made before or after adjournment of the trial term. and in the absence of such showing. our Court is without jurisdiction; and the motion for rehearing must be overruled.

*Overruled.*