AARON GAINES V. STATE

No. 28,504. October 31, 1956.
Appellant's Motion to Reinstate Appeal Granted December 5, 1956.
State's Motion for Rehearing Granted
February 13, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) April 17, 1957.

*R. E. Murphey,* Coleman, and *J. W. Reid* of *Reid & Reid,* Abilene, for appellant.

*Joe B. Dibrell, Jr.,* County Attorney, Coleman, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for transporting liquor in a dry area; the punishment, 6 months in jail and a fine of $500.

The record shows that appellant's recognizance on appeal was set and he was remanded to custody of the sheriff of Coleman County, Texas, on March 8, 1956, on which date his motion for new trial was overruled.

No recognizance or appeal bond is found in the record, and there is no showing that appellant is now in custody of the sheriff of Coleman County or in the Coleman County Jail awaiting the action of this court on his appeal

Under Art. 830 V.A.C.C.P. the record on appeal, to give this court jurisdiction, must show a bond or recognizance on appeal, or that the appellant has been continuously in jail since his motion for new trial was overruled. White v. State, 87 Texas Cr. Rep. 315, 221 S.W. 283; Grant v. State, 110 Texas Cr. Rep. 9, 7 S.W. 2d 90.

The appeal is dismissed.

### ON APPELLANT'S MOTION TO REINSTATE APPEAL

WOODLEY, Judge.

The record having been perfected so as to show that appellant has been confined in jail at all times since his notice of appeal, the appeal is reinstated.

The affidavit or complaint upon which the information was predicated is fatally defective. It states only that the affiant "has good reason to believe" that the offense was committed,

but nowhere is it stated that the affiant "does believe * * *."
Ayres v. State, 156 Texas Cr. Rep. 622, 245 S.W. 2d 706.

The complaint being insufficient to support the information, the judgment is reversed and the prosecution ordered dismissed.

### ON STATE'S MOTION FOR REHEARING

DICE, Judge.

It is now shown by supplemental transcript that the information was predicated upon a valid complaint. Therefore, our order entered on December 5, 1956, reversing the judgment and ordering the prosecution dismissed, is set aside and the case will be considered on the merits.

Briefly, the state's evidence shows that on the night in question, State Highway Patrolmen Geeslin and Matthews observed an automobile traveling on U.S. Highway 283, in McCullough County. The officers immediately gave chase and pursued the automobile into Coleman County to a point where it stopped in a ditch and the driver got out and disappeared into the darkness. After the driver had fled, the officers found a quantity of beer, wine and whiskey in the automobile.

The appellant was positively identified by Officer Geeslin as the driver of the automobile.

It was stipulated that Coleman County was a dry area.

Appellant did not testify.

Complaint is made to the action of the court in overruling appellant's motion to quash the information. In his motion to quash, appellant alleged that there was a material variance between the complaint and information in that the complaint alleged that he transported "an alcoholic beverage containing alcohol in excess of one-half of one percent by volume and not more than four percent by weight, and an alcoholic beverage containing in excess of four percent by weight, to wit: beer, wine and whiskey," and the information alleged that he transported an alcoholic beverage "containing alcohol in excess of one-half of one % by volume to wit, beer, wine and whiskey * * * ."

In Toliver v. State, 158 Texas Cr. Rep. 223, 254 S.W. 2d 388 this court said:

"While it is true that the constituent element of the offense must appear in both the complaint and information, yet, the same need not appear in the same phraseology or degree of particularity so long as there is no conflict between the two."

Applying this rule to the instant case, we find that both the complaint and information charged that appellant transported an "alcoholic beverage" described as "beer, wine and whiskey." Such allegation, without alleging the alcoholic content, was sufficient to charge an offense. Terry v. State, 137 Texas Cr. Rep. 325, 128 S.W. 2d 1202 and Anderson v. State, 146 Texas Cr. Rep. 222, 172 S.W. 2d 310. However, in alleging the alcoholic content, both pleadings described the alcoholic beverage as containing alcohol in excess of one-half of one percent by volume.

While the information described the alcoholic content with less particularity than the complaint, both alleged the constituent elements of the offense without any conflict between the two. Therefore, no material variance exists.

Complaint is also made to the court's failure to charge on circumstantial evidence. Under the court's certificate in his qualification to Bill of Exception No. 1, that appellant made no request for such a charge, his complaint to the charge will not be considered. Eldredge v. State, 162 Texas Cr. Rep. 282, 284 S.W. 2d 734. However, we observe that there was direct evidence that appellant transported alcoholic beverages.

Appellant insists that the verdict of the jury was so vague, indefinite and uncertain that it could not support the judgment of conviction. The verdict reads:

"We, the JURY, find the defendant: Guilty of the offense of guilty as alleged in the information and assess his punishment at $500.00 fine 6 Months jail.

"Signed: J. L. Strother, Jr., Foreman."

It is the rule in this state that verdicts should receive a liberal construction and where findings of the jury can be reasonably ascertained, the verdict is sufficient. Smart v. State,

144 Texas Cr. Rep. 93, 161 S.W. 2d 97 and Henderson v. State, 149 Texas Cr. Rep. 167, 192 S.W. 2d 446.

A fair interpretation of the verdict under the court's charge, which submitted only the issue of appellant's guilt of transporting alcoholic beverages in a dry area, clearly shows the jury's intention to find him guilty of that offense. Under the circumstances, the verdict was not rendered uncertain because it did not specifically name the offense of which appellant was found guilty. Ellison v. State, 154 Texas Cr. Rep. 406, 227 SW 2d 545.

We overrule appellant's contention that reversible error is shown because of the court's action in overruling the appellant's motion for new trial in his absence.

The bill of exception raising the question was qualified by the trial court as follows:

"I certify that the Court ask of the Defense Counsel, J. W. Reid, whether or not he desired a formal hearing on his motion for new trial and the matter was discussed with him by the Court; that said Defense Counsel stated and represented to this Court that said motion was filed only for the reason of perfecting the appeal in the case and that he had nothing to further urge that was not ruled on by the Court during the trial of the case; that he did not desire a formal hearing on the matter and requested that the Court act on same in order that he could continue the appeal of his client's case and on these representations to the Court, which were relied upon, the Court signed said Order overruling the motion for new trial."

Having accepted the bill as qualified, the appellant is bound thereby.

In the recent case of Johnson v. State, 162 Texas Cr. Rep. 352, 289 S.W. 2d 249, we held that in the absence of a showing that appellant desired to exercise his right to be present or that he was deprived of such right or through his counsel objected to the court's hearing the motion in his absence, the action of the court in overruling the motion for new trial in the absence of an accused was not ground for a reversal of the conviction.

Appellant's last contention is that the evidence is insufficient to sustain the conviction because it fails to show that he was the driver of the automobile in which the alcoholic beverage was being transported and that it was being transported on "the

Brady Rockwood Road, being U.S. Highway 283" as alleged in the information.

An examination of the evidence reflects that Patrolman Geeslin positively identified the appellant as the driver of the automobile and Patrolman Matthews testified that the automobile was being driven on U.S. Highway 283 which was called the Rockwood and Brady Highway. Such contention is overruled.

The judgment is affirmed.

Opinion approved by the Court.