BERRY DRONE V. STATE.

No. 31,286. November 25, 1959.

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully possessing beer and wine for the purpose of sale in a dry area; the punishment, 30 days in jail and a fine of $250.

No statement of facts accompanies the record.

The information containing one count charged that the appellant did unlawfully "possess for the purpose of sale alcoholic beverages, to-wit: beer and wine" in a dry area, etc. Appellant moved to quash the information on the ground of duplicity, contending that in charging him with the unlawful possession of both beer and wine he was being charged with separate and distinct offenses under Arts. 666-23(a) and 667-25(b) of Vernon's Ann. Penal Code in the one count of the information. The motion was by the court overruled.

We do not construe the allegations of the information as charging separate and distinct offenses. The offense charged was the unlawful possession of alcoholic beverages which, under the provisions of Art. 666-3a(1) of the Texas Liquor Control Act, could be both beer and wine. Article 666-4(a) of the Texas Liquor Control Act makes it unlawful to possess beer or wine for the purpose of sale in a dry area and under the provisions of Sec. 41 of the Act the same punishment is prescribed for the unlawful possession of either. They are not separate and distinct offenses.

In the recent case of Gaines v. State, 164 Texas Cr. Rep. 516, 301 S.W. 2d 110, an allegation in the information which charged that the accused transported in a dry area an "alcoholic beverage" described as "beer, wine and whiskey" was held sufficient to charge an offense.

We find no error in the court's action in overruling the motion to quash the information.

The judgment is affirmed.

Opinion approved by the Court.