

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 29, 1962

Honorable James S. Grisham
Criminal District Attorney
Van Zandt County
Canton, Texas

Opinion No. WW-1249

Re: Where a misdemeanor offense
is committed in one justice
precinct and a complaint is
filed in a justice precinct
other than the one where the
offense was committed, should
the case be transferred to
the precinct where the offense
was committed upon motion of
the defendant.

Dear Mr. Grisham:

This office received your request for an opinion on the
following question:

"Where a misdemeanor is committed in Pre-
cinct No. 7 in Van Zandt County, Texas, and
the complaint is filed against the defendant
in Precinct No. 5 and thereafter the defendant
timely files a motion to have the case trans-
ferred to Precinct No. 7, the precinct in
which the offense was committed, may the Jus-
tice of the Peace be forced to grant said mo-
tion or may he, as a matter of discretion,
overrule said motion and proceed to try the
case?"

We would like to call your attention to Ex parte Brown,
43 Tex.Crim. 45, 64 S.W. 249 (1901), where in a fact situation
similar to that presented to us, the Court of Criminal Appeals
stated as follows:

". . . the civil jurisdiction of justices
of the peace is limited in their territorial
jurisdiction to the precinct, except in certain
designated instances. No such provision has
been enacted by the legislature with reference
to criminal matters. Article 96, Code Cr.Proc.
(now Article 60, V.A.C.C.P.) provides, 'Justices
of the peace shall have and exercise concurrent
jurisdiction with other courts in all cases aris-
ing under the criminal laws of this state, in

which punishment is by fine only, and where the maximum of such fine may not exceed $200, except in cases involving official misconduct.' We hold that the term 'original concurrent jurisdiction' means that the territorial jurisdiction of the justice of the peace in criminal matters is co-extensive with the limits of the county. . . ."

The court then held that in misdemeanor cases over which the justice of the peace has concurrent jurisdiction the court has "ample and full constitutional power to try the same, whether said offense occurred in his precinct, or in some other precinct in said county." Ex parte Brown, supra.

Turning to Article 64, V.A.C.C.P. we find:

"When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction of such offense to the exclusion of all other courts."

Articles 60a, 60a-1 and 60a-2 of the Code of Criminal Procedure (H.B. 342, Acts 48th Leg., pp. 424-425), attempt to place a restriction on which justice court has jurisdiction of a misdemeanor case by reason of where the alleged offense was committed or where the defendant lives. In Attorney Generals' Opinions No. O-6940 (1945) and No. V-496 (1948), it has been held that these statutes are unconstitutional.

In considering, therefore, Ex parte Brown, supra, and Article 64, V.A.C.C.P. we conclude that the accused does not have the right to have his case transferred to the precinct where the offense was committed.

SUMMARY

Where a misdemeanor offense is committed in one justice precinct and a complaint is filed in a justice precinct in the same county other than the one where the offense was committed, the case may not be transferred on defendant's motion to the precinct in which the crime was committed.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Irwin R. Salmanson*
Irwin R. Salmanson
Assistant Attorney General

IRS:sh:wb

APPROVED:

OPINION COMMITTEE

Howard W. Mays, Chairman
Riley Eugene Fletcher
Elmer McVey
Bill Allen
Malcolm Quick

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Houghton Brownlee, Jr.