**Kenneth Ray ZULAUF, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 62307.**

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 12, 1979.

Rehearing Denied Jan. 23, 1980.

Second Rehearing Denied March 12, 1980.

Werner A. Gohmert, Alice, for appellant.

Michael J. Westergren, County Atty., and Richard W. Rogers, III, Asst. County Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appeal is taken from a conviction for speeding under Article 6701d, § 166, V.A.C.S. Punishment was assessed by the court at a fine of $101.00.

The record reflects that this case was originally tried in the Justice of the Peace Court, Precinct No. 4, of Nueces County based on a complaint filed in that court; he was fined $26.00. Appeal was taken to the County Court at Law No. 2 of Nueces County. The present appeal is from appellant's conviction upon his plea of nolo contendere in the county court.

Appellant presents two grounds of error for our consideration contending that the trial court erred in overruling his motion to quash the complaint in that it fails to allege or otherwise fix venue of this prosecution and, further, that the complaint is fundamentally defective in that it fails to allege the necessary culpable mental state. We overrule these contentions and, accordingly, affirm the judgment of the court below.

Article 45.16, V.A.C.C.P., in Chapter 45 dealing with Justice and Corporation Courts, directs a justice of the peace to reduce to writing and cause to be signed and sworn to any complaint made before him "that an offense has been *committed in the county* which a justice of the peace has jurisdiction finally to try." [1] Article 45.17, V.A.C.C.P., provides that a complaint filed in justice court shall state:

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

"1. The name of the accused, if known, and if unknown, shall describe him as accurately as practicable;

2. The offense with which he is charged, in plain and intelligible words;

3. That *the offense was committed in the county* in which the complaint is made; and

4. It must show, from the date of the offense stated therein, that the offense is not barred by limitation."

That the complaint was filed in the Justice of the Peace Court, Precinct No: 4, Nueces County is not disputed.

Omitting irrelevant parts, the complaint here alleged that "*in the County of Nueces,* State of Texas, Kenneth Ray Zulauf did then and *there* operate and drive a vehicle . . . upon a public street and highway of Texas . . ." Thus the county named is that in which the offense was allegedly committed and in which the complaint was filed. The complaint facially follows the letter and tenor of Article 45.17, supra, notwithstanding its failure to state precisely the justice precinct in which the offense was committed or in which appellant resided.

■ However appellant relies on Article 4.12, V.A.C.C.P., which provides in pertinent part:

"A misdemeanor to be tried in justice court shall be tried in the precinct in which the offense was committed, or in which the defendant or any of the defendants reside, or, with the written consent of the State and each defendant or his attorney, in any other precinct within the county . . ."

and on Article 45.22, V.A.C.C.P., which provides that in counties of 225,000 population "[n]o person shall ever be tried in any justice precinct court unless the offense with

which he was charged was committed in such precinct."[2] He also points to an unsupported statement in *Hodge v. State,* 527 S.W.2d 289, 292 (Tex.Cr.App.1975) that "if a court has less than countywide jurisdiction, it is necessary to allege a place within the jurisdiction of that court."

His exact contention in the motion to quash is that for failure to allege or fix venue the complaint "is insufficient as a matter of law." We take this to mean that the complaint is defective as a matter of substance for which an indictment or information[3] may be attacked only on grounds prescribed in Article 27.08, V.A.C.C.P., which as pertinent here provides:

"There is no exception to the substance of an . . . information except:

1. That it does *not appear therefrom* that an offense against the law was committed by the defendant;

2. * * *

3. * * *

4. That it shows *upon its face* that the court trying the case *has no jurisdiction* thereof."

Neither of these two negative defects facially appear in or on the instant complaint. Conversely, the criminal offense of speeding is set out in requisite detail and allegations that it was committed in the County of Nueces shows that the justice court in that county had *jurisdiction* to try the case, its precinct being within Nueces County.

■ We hold that a complaint, charging that the offense of speeding was committed within a named county, made and filed in a justice court in that named county, as prescribed by Article 45.17, supra, is not substantively defective because it does not allege that the offense was committed within the justice court precinct.

---

2. We need not undertake to resolve conflicting provisions of Articles 4.12 and 45.22 in this case.

3. The action in County Court at Law No. 2 being a trial de novo on appeal from justice court, Article 44.17, V.A.C.C.P., the original complaint in justice court served as the functional equivalent of an information in county

court at law, *Ex parte Morales,* 53 S.W. 107 (Tex.Cr.App.1899). The motion to quash in our record was filed directly in county court at law; if the contention were made in justice court, the record does not show it. An interesting question of mootness is thus raised but we will not struggle to answer it today.

In doing so we observe that at no time during proceedings in justice court or county court at law does the record show a contention by appellant that the speeding offense did *not* occur in the precinct of the justice court—surely it occurred in the territorial jurisdiction of the county court at law—or that the justice court did not have *jurisdiction* over the person of appellant or the subject matter of the complaint. Further, he made no motion to transfer the case to another precinct, either in which he showed the offense was committed or in which he resided.[4] His sole claim is that *venue* in the justice court precinct is not alleged. Ground of error one is overruled.[5]

■ In his second ground of error, appellant contends that the instant complaint is fundamentally defective in that it fails to allege a culpable mental state. In support of this contention, appellant refers us to V.T.C.A. Penal Code, § 6.02, which provides that:

"(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility."

The thrust of appellant's contention is that speeding, under the ambit of Article 6701d, supra, does not prescribe a culpable mental state, nor does it plainly dispense with any mental element. A culpable mental state, therefore, is required to constitute criminal conduct. We do not agree.

The clear command of Article 6701d, § 166, supra, that:

" . . . [n]o person *shall* drive a vehicle on a highway at a speed greater than

4. The record shows a rural route and box address for appellant in Alice, Jim Wells County, adjoining Nueces County, but appellant may nevertheless have actually resided in the latter county.

5. In this state of the record the meaning and construction of Articles 4.11, 4.12 and 45.22, stoutly disputed by the parties, are not directly raised. Therefore, we need not and do not enter the tide of disagreement, that seems to rise and fall seasonally, over limitation on the territorial jurisdiction of a justice of the peace court. See Attorney General Opinion, 1941, No. 0–3530, concluding that a defendant who is charged with speeding in one precinct but the case is filed in another precinct may not have the case transferred to the precinct where the offense occurred; the apparent legislative response by passing Acts 1943, 48th Leg., ch. 290, p. 424, § 1, codified as Article 60a, C.C.P. 1925 and now Article 4.12, V.A.C.C.P.; the Attorney General Opinions, 1945, No. 6940; 1948, No. V–496; 1966, No. C–602, all concluding in one fact situation or another that Article 4.12, supra, or its predecessor is unconstitutionally in conflict with Article V, Section 19, of the Texas Constitution; *Bradley v. Swearingen,* 525 S.W.2d 280 (Tex.Civ.App.—Eastland 1975) no writ history, which disagrees with the Attorneys General, agrees with the earlier opinion of this Court in *Ex parte Von Koenneritz,* 105 Tex.Cr.R. 135, 286 S.W. 987 (Tex.Cr.App.1926), but reconciles the conflict by holding that Article 4.12 places venue for trial rather than limiting *territorial* jurisdiction.

For now we merely note the constitutional grant of jurisdiction to justices of the peace does not speak in terms of territory—is it to be, then, statewide?—and that *Ex parte Koenneritz,* supra, and its progenitor, *Ex parte Brown,* 43 Tex.Cr.R. 45, 64 S.W. 249 (Tex.Cr.App.1901) were decided on the basis of *statutes* that bestowed on justice courts original "concurrent jurisdiction with other courts in all cases arising under the criminal laws," to a maximum punishment of $200; the interpretation was that "the territorial jurisdiction of the justice of the peace in criminal matters is co-extensive with the limits of the county," *Brown,* supra, at 250. Still earlier, however, the view was otherwise, e. g., *Hart v. State,* 15 Tex.App. 202 (Ct.App.1883) and *Kerry v. State,* 17 Tex.App. 178 (Ct.App.1884). Those statutes have been distilled into what is now Article 4.11, V.A.C.C.P., that appears without any of the "original concurrent jurisdiction" language. As to that, Article 4.16, V.A.C.C.P., generally provides that where two or more courts have concurrent jurisdiction, the court in which an indictment or complaint shall be first filed retains jurisdiction "except as provided in Article 4.12."

is reasonable and prudent under the circumstances then existing . . ." provides more than adequate support for our holding herein that the Legislature intended to make speeding a strict liability offense where liability *would not* be contingent upon the allegation of a culpable mental state. As this Court noted almost seventy years ago in *Goodwin v. State,* 63 Tex.Cr.R. 140, 138 S.W. 399 (1911) as regards the allegation on appeal that speeding required the requisite *mens rea* to sustain a conviction for that offense:

> "The article of the Code under which defendant was tried does not require that the state prove that the act was 'willfully' done. It makes it an offense to drive a car at a greater rate of speed than that named, and if the jury believed that he was driving the car at a speed greater than permitted by law they would be authorized to convict. *Very few people in driving a car have an evil intent; but the Legislature, in protection of the public, has decreed it wise to limit the speed at which these cars may run, and each one is required to keep within that limit.*"

*Id.* at 400.

We also note that complaints alleging the offense of speeding in the identical language used herein have been held to be sufficient, notwithstanding the lack of a culpable mental state. See, e. g., *Vallejo v. State,* 408 S.W.2d 113 (Tex.Cr.App.1966); *Wilson v. State,* 168 Tex.Cr.R. 439, 328 S.W.2d 311 (1959) (on motion for rehearing); *Rowland v. State,* 166 Tex.Cr.App. 118, 311 S.W.2d 831 (1957). Similarly, this Court has repeatedly held that Article 6701*l* –1, V.A.C.S., our driving while intoxicated statute, does not require that a culpable mental state be alleged. *Greer v. State,* 544 S.W.2d 125 (Tex.Cr.App.1976); *Ex parte Ross,* 522 S.W.2d 214 (Tex.Cr.App.1975); *Owen v. State,* 525 S.W.2d 164 (Tex.Cr.App. 1975). Given the absolutely obligatory character of the language consistently used by the Legislature in denouncing the offense of speeding, we are satisfied that the Legislature intended to and has dispensed with a culpable mental state as an element of the offense. See Practice Commentary following Section 6.02, supra; *Ex parte Ross,* supra; and *Owen v. State,* 525 S.W.2d 164 (Tex.Cr.App.1975). Appellant's second ground of error is overruled.

The judgment is affirmed.