

# NUMBER 13-15-00375-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**                    **Appellant,**

**v.**

**JEREMY LYNN JONES,**                                    **Appellee.**

## On appeal from the County Court at Law No. 3 of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion by Chief Justice Valdez

Appellant, the Texas Department of Public Safety ("DPS"), appeals the trial court's reversal of an administrative law judge's (the "ALJ") order authorizing the suspension of the Texas driver's license of appellee, Jeremy Lynn Jones. We reverse and render.

### I.    BACKGROUND

At Jones's administrative license revocation hearing, DPS Trooper Cody Lankford testified that he initiated a traffic stop of Jones after determining that Jones drove his

vehicle ten miles per hour over the posted speed limit of fifteen miles per hour. Trooper Lankford stated that he visually observed that the vehicle appeared to be speeding and then confirmed with his radar that Jones's vehicle was traveling at a speed of twenty-five miles per hour in a fifteen mile-per-hour zone. According to Trooper Lankford, he stopped Jones on the public beach in the city of Port Aransas. Trooper Lankford stated that the road was located on the beach and that "[t]he beach is a city street." DPS also presented evidence through Trooper Lankford's testimony that Jones operated a motor vehicle with a detectible amount of alcohol in his system. Jones consented to a blood alcohol test, and the results showed that Jones operated his vehicle "with an alcohol concentration of 0.08 grams or greater of alcohol per 100 milliliters of blood."

The ALJ concluded that DPS "proved the issue set out in Texas Transportation Code [section] 524.035 by a preponderance of the evidence, and [that Jones's] license [was] subject to a suspension in accordance with [its findings and conclusions]." *See* TEX. TRANSP. CODE ANN. § 524.035 (West, Westlaw through 2015 R.S.). The ALJ authorized suspension of Jones's Texas driver's license for a sixty-day period pursuant to the Texas Transportation Code section 524.022. *See id.* § 524.022 (West, Westlaw through 2015 R.S.).

Jones appealed the ALJ's decision to the trial court, and it reversed the ALJ's order on the basis "that there was not any evidence that demonstrated either a reasonable suspicion or probable cause that the offense of speeding occurred because the record was devoid of any evidence that [Jones] had passed a speed limit sign of 15 mph."[1] The trial court further stated in its order that "[a]s per *Abney v. State*, 394 S.W.3d 542 (Tex.

---

[1] A suspension affirmed by the administrative law judge may be appealed to the county court at law or a county court. TEX. TRANSP. CODE ANN. § 524.041(b) (West, Westlaw through 2015 R.S.).

Crim. App. 2013), [DPS] had the burden of showing that [Jones] had notice of the posted requirement and did not do so." The trial court ordered for DPS to change its records in this case to reflect that Jones's driver's license was not suspended and to reinstate Jones's license in good standing. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A driver's license is a privilege, not a right. *Tex. Dep't of Pub. Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex. 1985). The transportation code authorizes DPS to suspend a minor's driver's license if the minor had any detectable amount of alcohol in his system while operating a motor vehicle in a public place. *See* TEX. TRANSP. CODE ANN. § 524.012(b)(2) (West, Westlaw through 2015 R.S.). Courts review an administrative law judge's suspension of driving privileges under a substantial-evidence standard of review. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999).

> The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action. Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. In fact, an administrative decision may be sustained even if the evidence preponderates against it.

*Id.* Our review of the trial court's determination is undertaken de novo. *Tex. Dep't of Pub. Safety v. Cuellar*, 58 S.W.3d 781, 783 (Tex. App.—San Antonio 2001, no pet.). We review questions of law without affording any deference to the trial court's conclusion. *Id.* at 784.

Because speeding is a strict liability offense, the State must only prove that a person was driving the vehicle at a speed greater than that permitted by the law. *Zulauf v. State*, 591 S.W.2d 869, 873 (Tex. Crim. App. 1979) (explaining "that the Legislature intended to make speeding a strict liability offense" and that liability would not be contingent on an allegation of a culpable mental state) (citing and quoting *Zulauf*, 591 S.W.2d at 873 ("The article of the Code under which defendant was tried does not require

3

that the state prove that the act [of speeding] was 'willfully' done. It makes it an offense to drive a car at a greater rate of speed than that named, and if the jury believed that he was driving the car at a speed greater than permitted by law they would be authorized to convict.")); *Nam Hoai Le v. State*, 963 S.W.2d 838, 840, 841 (Tex. App.—Corpus Christi 1998, pet. ref'd); *see also Hoppenstein v. State*, No. 08-00-00081-CR, 2001 WL 495897, at *3 (Tex. App.—El Paso 2001, pet. refused) (mem. op., not designated for publication) (rejecting the appellant's argument that he was denied due process of law because he did not have notice that he was in a school zone because speeding is a strict liability offense). Thus, there is no requirement that a person caught speeding do so either intentionally or knowingly. *Zulauf*, 591 S.W.2d at 873; *Nam Hoai Le*, 963 S.W.2d at 841.

### III.    ANALYSIS

Here, Jones argued to the trial court that under the reasoning in *Abney*, DPS was required to prove that he saw a sign stating that the speed limit was fifteen miles per hour, and because Trooper Lankford testified that he did not know whether Jones saw the sign stating that the speed limit was fifteen miles per hour, there was insufficient evidence to support the suspension of his license. In *Abney*, the court of criminal appeals held that a driver had not committed the traffic violation of failure to comply with a traffic-control device (sign) because the State failed to present any evidence that the operator of the vehicle failed to comply with the "left lane for passing only" sign that was twenty miles away from where the officer stopped the driver. *Abney*, 394 S.W.3d at 546. The court stated, "Without such a sign present within a reasonable distance of the traffic stop, there is no offense" of failure to comply with a traffic-control device. *Id.*

We find *Abney* distinguishable because the applicable statute in that case makes one guilty of failure to comply with an official traffic-control device *only when* there is

4

evidence that the sign was at or near the site of the alleged violation. *See id.* The statute in *Abney* specifically states, in pertinent part, "A provision of this subtitle requiring an official traffic-control device may not be enforced against an alleged violator if at the time and place of the alleged violation the device is not in proper position and sufficiently legible to an ordinarily observant  person." *Id.* at 548 (citing TEX. TRANSP. CODE ANN. § 544.004 (West, Westlaw through 2015 R.S.)).  Here, Jones pointed to no statute to the trial court, and we have found none applicable to these facts, that makes speeding a violation *only when* there is evidence that there is a sign at or near the site of the alleged violation stating the applicable speed limit as set out by the Legislature.[2]  Thus, we disagree with the trial court's conclusion that under *Abney*, no speeding violation occurred because there was no evidence that Jones "passed a speed limit sign of 15 mph."[3]

Moreover, as previously stated, the State must only prove that a person was driving the vehicle at a speed greater than that permitted by the law, and it need not prove that the driver knowingly violated the speed limit in order for a driver to be guilty of

---

[2] On appeal, Jones cites Texas Transportation Code section 545.356(b-1), (b-2), and (c) as supporting a conclusion that the State was required to prove that he saw a posted sign with the applicable speed limit.  *See id.* § 545.356(b-1), (b-2), (c) (West, Westlaw through 2015 R.S.).  However, these subsections all pertain to a municipality's lowering of the speed limit of "a two-lane, undivided highway or part of a highway," and here, it is undisputed that Jones was traveling on the beach and not a highway.  *See id.*  Therefore, they do not apply here.

[3] On appeal, Jones also argues that the presumptive speed limit in this case is thirty miles per hour and that because the speed limit here was set lower than thirty miles per hour, signs were required in order for him to be guilty of speeding.  Jones bases his argument on Trooper Lankford's testimony that "[t]he beach is a city street."  However, Jones did not make this argument in the trial court, and the trial court stated that its basis for reversing the ALJ was that under *Abney*, DPS was required to present evidence that Jones "passed a speed limit sign of 15 mph."  *See Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 657 (Tex. App.—Dallas 2008, no pet.).  Moreover, under our standard of review, we must defer to the ALJ's decision if it is supported by more than a scintilla of evidence.  *See Tex. Dep't of Pub. Safety v. Gilfeather*, 293 S.W.3d 875, 878 (Tex. App.—Fort Worth 2009, no pet.) (en banc op. on reh'g).  And, here, there is more than a scintilla of evidence that Jones was traveling on a beach, and the Legislature has determined that the speed limit on a beach is fifteen miles per hour—not thirty.  *See* TEX. TRANSP. CODE ANN. § 545.352(b)(5) (West, Westlaw through 2015 R.S.) ("Unless a special hazard exists that requires a slower speed for compliance with Section 545.351(b), the following [speed is] lawful . . . on a beach, 15 miles per hour.").

speeding. *Zulauf*, 591 S.W.2d at 873. And, traveling at a speed in excess of the posted speed limit is prima facie evidence that a person is traveling at a speed that is not reasonable and prudent and that is unlawful. TEX. TRANSP. CODE ANN. § 545.352 (West, Westlaw through 2015 R.S.). Here, Trooper Lankford testified that the posted speed limit was fifteen miles per hour, and Jones was traveling at twenty-five miles per hour. Thus, there is more than a scintilla of evidence supporting the ALJ's finding that Trooper Lankford had reasonable suspicion to stop Jones for speeding. We sustain DPS's sole issue.

## IV. CONCLUSION

We reverse the trial court's judgment and render judgment upholding the administrative decision to suspend Jones's driver's license for a sixty-day period.


**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
14th day of July, 2016.