## EX PARTE S. J. VON KOENNERITZ.

### No. 10139.   Delivered May 26, 1926.

**1.—Habeas Corpus for Writ of Prohibition.**

The writ of prohibition will not lie to restrain a justice of the peace from proceeding with the trial of a cause, which is within the jurisdiction of such courts, on the ground that the offense, if any, was committed within another justice precinct in the same county, for the reason that the trial of such cause where pending would not be a void proceeding. See Art. 60, C. C. P. 1925.

**2.—Same—Continued.**

The trial of such cause in the justice court where it was then pending, being in no event more than voidable, the writ of habeas corpus and prohibition could not be resorted to for the purpose of attacking and testing the jurisdiction of the court, before trial.

**3.—Same—Continued.**

As held in Ex Parte Boland, 11 Tex. Crim. App., "The doctrine is well settled in this state at least, that if the proceedings under which a person is held in custody and restrained of his liberty, is merely voidable, he cannot be released on habeas corpus, but must seek his remedy in some other manner." The ordinary mode of seeking redress against a voidable judgment, in a criminal proceeding, would be by appeal. The writ of habeas corpus was never designed to operate as a writ of error. Followed in Ex Parte McKay, 82 Tex. Crim. Rep. 221; Ex Parte Japan, 36 Tex. Crim. Rep., and cases cited in these authorities.

**4.—Same—Continued.**

Where the matter in controversy is one in which the justice of the peace has jurisdiction of the subject matter involved, we will not decide questions of practice in any action of this character, that may arise in the trial of the case in a habeas corpus proceeding. Following Ex Parte Windsor, 78 S. W. 510.

ON REHEARING.

**5.—Same—No Error Presented.**

On rehearing, relator questions the soundness of our original opinion in several particulars, but cites no authorities controverting those to which reference is made by us, and the motion for rehearing is overruled.

Original proceeding by relator for writ of habeas corpus and writ of prohibition from Travis County.

Writ refused, for reasons set forth in opinion.

In support of his contention for the writ of prohibition, relator cites:

Browne v. Rowe, 10 Texas, 183.

High's Extraordinary Legal Remedies (3rd Ed.), 705.

Bailey on Habeas Corpus, p. 1377, Sec. 355.

23 Am. & Eng. Encyc. of Law, p. 195.

32 Cyc., p. 598.

Note 12 Am. Dec., 604.

*Cofer & Cofer,* for relator.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—This is a dual action in which the applicant seeks the writ of habeas corpus, releasing him from arrest and also seeks a writ of prohibition against J. C. Burch, Justice of the Peace of Precinct No. 6 of Travis County, Texas. He asks that we issue a writ of prohibition prohibiting the said J. C. Burch, Justice of the Peace as aforesaid, from trying him on a certain complaint which has been filed against him in the justice court over which the said Burch presides. He attaches a copy of the complaint under which he is held, and this complaint alleges that on the 15th day of January, 1926, that the applicant, in Travis County, Texas, did unlawfully and wilfully drive and operate a certain motor vehicle along and upon a certain public highway, to-wit: Along and upon South Congress Avenue, a street within the corporate limits of Austin, Texas, an incorporated city, at a greater rate of speed than twenty-five miles per hour, etc.

It is the appellant's contention that the justice of the peace in precinct No. 6 is without jurisdiction to try said case in view of the fact, as appellant contends, that the offense was committed, if at all, in precinct No. 3, in Travis County. We do not agree with applicant's contention that the alleged anticipated trial of the applicant before the justice court of precinct No. 6 would be a mere nullity. His action in the event of a trial, in our judgment, would not be void. Under the plain terms of the statute itself, the justice of precinct No. 6 has jurisdiction of the subject matter of the suit. Art. 60, 1925 Revision C. C. P.

If it be conceded that applicant would have the right, upon proper motion, to have the case transferred to the justice precinct in which the alleged offense occurred, which question it is unnecessary to decide in this case, it would still follow that such right would not render the trial of the cause in justice precinct No. 6 void. Suppose the right to be tried in the precinct where the offense was committed was undisputed, yet for some reason applicant should not see fit to assert this right and should plead guilty in a justice court situated in the precinct different from the one in which the offense was committed, could it be contended that a valid judgment could not be rendered against him under these conditions? We think not. The Court of Civil Appeals in this state has, we think, correctly stated the rule, as follows:

"The word 'void' can with no propriety be applied to a thing which appears to be sound, and which, while in existence, can command and enforce respect, and whose infirmity cannot be made manifest. If a judgment rendered without in fact bringing the defendants into court cannot be attacked collaterally on this ground unless the want of authority over them appears in the record, it is no more void than if it were founded upon a mere misconception of some matter of law or of fact occurring in the exercise of an unquestionable jurisdiction. In either case the judgment can be avoided and made functus officio by some appropriate proceeding instituted for that purpose; but, if not so avoided, must be respected and enforced." Dunn v. Taylor, 94 S. W. 347.

The anticipated action of the justice of the peace of precinct No. 6 being in no event more than voidable, applicant is not entitled to the relief sought.

"The doctrine is well settled, in this state at least, that if the proceeding under which a person is held in custody and restrained of his liberty is merely voidable, he can not be released on habeas corpus, but must seek his remedy in some other manner. The ordinary mode of seeking redress against a voidable judgment in a criminal proceeding would be by appeal. The writ of habeas corpus was never designed to operate as a writ of error, a certiorari, or as an appeal." Ex Parte Boland, 11 Tex. Crim. App. 159. Ex Parte McKay, 82 Tex. Crim. Rep. 221. Ex Parte Japan, 36 Tex. Crim. Rep. 482, and many cases cited in these authorities.

The matter in controversy being one in which the justice of the peace has jurisdiction of the subject matter involved, we

will not decide questions of practice in an action of this character that may arise on the trial of the case. As stated by Judge Henderson in Ex Parte Windsor, 78 S. W. 510, "We will not assume that the court below will not properly administer the law and will not determine questions presented to it in a legal and proper manner."

For the reasons above stated, the writ of habeas corpus and the writ of prohibition are both refused.

*Writs refused.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant questions the soundness of our original opinion in several particulars by his motion for rehearing, but cites no authorities controverting those to which reference is made by us.

Believing the questions to have been correctly disposed of, the motion for rehearing is overruled.

*Overruled.*