

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann      AUSTIN 11, TEXAS

~~JOHN BEN SHEPPERX~~
ATTORNEY GENERAL

Honorable M. D. Emerson
County Attorney, Lamar County
Paris, Texas

Dear Sir:

Opinion No. O-2349
Re: Justice Court-Waiver
of Jurisdiction by
appearance before
justice of peace for
plea of guilty outside
precinct of arrest.

     This is to acknowledge your request for our opinion as to the legality of the procedure wherein a defendant enters a plea before a justice of the peace at a place outside the territorial limits of the precinct wherein the arrest was perfected. You submit the following question:

> "If the defendant waives the question of jurisdiction by his appearance before and plea of guilty to a Justice of the Peace, is such plea of guilty so accepted a legal plea of guilty?"

     It is provided by statute that justices of the peace have jurisdiction in criminal cases where the fine to be imposed by law may not exceed two hundred dollars. (Art.60, C.C.P.)

     In the case of Ex parte Von Koenneritz, 105 Tex. Cr. R. 135, 286 S. W. 987, petitioner sought release through a writ of habeas corpus. A complaint chargin an offense had been filed in justice precinct 6, of Travis County, whereas petitioner claimed the offense was committed, if at all, in justice precinct 3. We quote from the opinion of the Court of Criminal Appeals:

> "We do not agree with applicant's contention that the alleged anticipated trial of the applicant before the justice court of precinct No. 6 would be a mere nullity. His action in the event of a trial, in our judgment, would not be void. Under the plain terms of the statute itself, the justice of precinct No. 6 has jurisdiction of the subject

matter of the suit.  Article 60, 1925 Revision C.C.P.

"If it be conceded that applicant would have the right upon proper motion to have the case transferred to the justice precinct in which the alleged offense occurred, which question it is unecessary to decide in this case, it would still follow that such right would not render the trial of the cause in justice precinct No. 6 void. Suppose the right to be tried in the precinct where the offense was committed was undisputed, yet for some reason applicant should not see fit to assert this right and should plead guilty in a justice court situated in a precinct different from the one in which the offense was committed; could it be contended that a valid judgment could not be rendered against him under these conditions?  We think not. The Court of Civil Appeals in this state has, we think, correctly stated the rule as follows:

"'The word "void" can with no propriety be applied to a thing which appears to be sound, and which while in existence can command and enforce respect, and whose infirmity cannot be made manifest.  If a judgment rendered without in fact bringing the defendants into court cannot be attacked collaterally on this ground unless the want of authority over them appears in the record, it is no more void than if it were founded upon a mere misconception of some matter of law or of fact occuring in the exercise of an unquestionable jurisdiction.  In either case the judgment can be avoided and made functus officio by some appropriate proceedings instituted for that purpose; but, if not so avoided, must be respected and enforced.' Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S.W. 347.

"The anticipated action of the justice of the peace of precinct No. 6 being in no event more than voidable, applicant is not entitled to the relief sought." (Emphasis ours)

The case of Stewart v. Smallwood, (Tex. Civ. App.) 102 S. W. 159 is a civil case wherein the resident justice of the peace was absent from his precinct and the nearest justice of the peace in an adjoining precinct acted for him.  Plaintiff proceeded to judgment and the defendant appealed, contending the visiting justice exceeded his authority in going out of his precinct to act for the absent justice.  The Court of Civil Appeals affirmed the case saying:

"The fact that Justice Self attempted to act at Bonham, outside his precinct, and in the place of Justice Fitzgerald, absent, and issued the citation while so acting, does not necessarily require a dismissal of the suit. This irregularity only affected the question of jurisdiction over the person of defendant, and could be waived by him. *** These facts show a voluntary appearance by defendant and his submission to the jurisdiction of the court over his person, and the motion to dismiss was therefore properly overruled.***."

We have been unable to find any further expression of our courts upon your question as presented. We do wish to direct your attention to the provisions of Article 11, C.C.P. as amended by the Acts of the Forty-Second Legislature, ch 43, sec. 32, p. 65:

"The defendant in a criminal prosecution for any offense, may waive any right secured him by law except the right of a trial by a Jury in a felony case when he enters a plea of not guilty."

You are therefore advised that it is our opinion your question should be answered in the affirmative; that where a defendant waives the question of jurisdiction by appearing before a Justice of the Peace and entering a plea of guilty, such plea of guilty is legal, even though made outside the precinct of arrest.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/s/ Benjamin Woodall
   Benjamin Woodall
    Assistant

Approved
Opinion
Committee
By RUF
Chairman

BW:RW:vb

APPROVED MAY 20, 1940

Gerald C. Mann

Attorney General of Texas