Guy BRADLEY, Appellant,

v.

Michael H. SWEARINGEN, Appellee.

No. 4785.

Court of Civil Appeals of Texas, Eastland.

May 2, 1975.

Bobby D. Burnett, Munday, for appellant.

Joe Reeder, Jr., Knox City, for appellee.

McCLOUD, Chief Justice.

This is a mandamus case involving the constitutionality of Article 4.12, Vernon's Ann.Code of Criminal Procedure.

Michael H. Swearingen was arrested for speeding which he allegedly committed in Justice Precinct No. 1 of Knox County. The complaint, however, was filed with the Knox County Justice of the Peace of Precinct No. 5. Thereafter, Swearingen filed a motion seeking to have the case transferred to Precinct No. 1. He alleged he was entitled to have the case removed to Precinct No. 1 because the offense, if any, was committed in such precinct. The justice court overruled the motion to transfer and Swearingen filed an application in the district court for a writ of mandamus to compel the Justice of the Peace of Precinct No. 5 to transfer the case to the Justice Court of Precinct No. 1.

The district court granted the writ of mandamus. Guy Bradley, Justice of the Peace of Precinct No. 5, has appealed. We reverse and dismiss the writ of mandamus.

We first point out that the instant mandamus proceeding is a civil rather than criminal action, and we have jurisdiction of the appeal. Hogan v. Turland, 428 S.W.2d 316 (Tex.1968).

Swearingen contends the alleged offense occurred, if at all, in Precinct No. 1 and he was entitled to have the case transferred to that precinct under Article 4.12, Vernon's Ann.Code of Criminal Procedure. Justice of the Peace Bradley argues that Article 4.12 is unconstitutional because it attempts to limit the jurisdiction of justice courts.

Texas Constitution, Article V, § 19, Vernon's Ann.St. provides:

"Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars, and in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the District or County Courts; and such other jurisdiction, criminal and civil, as may be provided by law, under such regulations as may be prescribed by law; . . ."

Article 4.12, Vernon's Ann.Code of Criminal Procedure provides:

"A misdemeanor case to be tried in justice court shall be tried in the precinct in which the offense was committed, or in which the defendant or any of the defendants reside, or, with the written consent of the State and each defendant or his attorney, in any other precinct within the county; provided that in any misdemeanor case in which the offense was committed in a precinct where there is no qualified justice precinct court, then trial shall be had in the next adjacent precinct in the same county which may have a duly qualified justice precinct court, or in the precinct in which the defendant may reside; provided that in any such misdemeanor case, upon disqualification for any reason of all justices of the peace in

the precinct where the offense was committed, such case may be tried in the next adjoining precinct in the same county, having a duly qualified justice of the peace."

Bradley relies upon Texas Attorney General's opinion No. C–602 (1966) which held that Article 4.12 is unconstitutional. The opinion cited Ex parte Von Koenneritz, 105 Tex.Civ.R. 135, 286 S.W. 987 (1926), which held that a justice of the peace court has jurisdiction to try a case which arose in another precinct in the county. The Attorney General reasoned that Article 4.12 is unconstitutional because it places limitations upon this jurisdiction.

 We disagree with the Attorney General's opinion. The opinion is persuasive and entitled to careful consideration by the courts, but it is not binding. Jones v. Williams, 121 Tex. 94, 45 S.W.2d 130 (1931).

 We agree with the holding in *Von Koenneritz* that a justice of the peace court has jurisdiction to try a case which arose in another precinct. See Article 4.11, Vernon's Ann.Code of Criminal Procedure.

 We interpret Article 4.12, however, to be merely a venue requirement and it does not limit the jurisdiction of a justice court. Article 4.12 designates the place where the case may be tried and does not limit the power or authority of a justice court to try a particular case. As stated in Martin v. State, 385 S.W.2d 260 (Tex.Cr. App.1964):

" 'Venue,' as applied to criminal cases, means the place in which prosecutions are to begin, while 'jurisdiction' means the power of the court to hear and determine the case, and the terms are not synonymous. Williams v. State, 145 Tex.Cr.R. 536, 170 S.W.2d 482."

 We think there can be no doubt but that the Legislature had the authority to fix venue as it did in Article 4.12. Mischer v. State, 41 Tex.Cr.R. 212, 53 S.W. 627

(1899). We hold that Article 4.12 does not contravene the provisions of Article V, § 19 of the Texas Constitution. However, the determination of proper venue involves judicial discretion and is not a ministerial act. The writ of mandamus, therefore, was not a proper remedy. Trantham v. Slaughter, 405 S.W.2d 206 (Tex.Civ.App.—Eastland 1966, no writ).

The judgment of the trial court is reversed and the writ of mandamus dismissed.