

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 13, 1984

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No.   JM-190

Re: Venue of criminal proceedings
in Justice Courts

Dear Mr. Driscoll:

You have asked the following questions relating to the venue of certain criminal proceedings in the justice courts in Harris County:

> 1.  Does article 4.12 or article 45.22 of the Code of Criminal Procedure control the venue of criminal charges filed pursuant to section 32.41 of the Penal Code in the justice courts of Harris County, and is the applicable article, if any, mandatory or directory?

> 2.  Is it proper for a justice of the peace in Harris County to do any of the following:

> (1)  Accept a bad check charge/complaint for an offense which occurred within Harris County but not within his precinct?

> (2)  Accept a bad check charge/complaint for an offense which occurred within his precinct when defendant resides in Harris County but not within his precinct?

> (3)  Accept a bad check charge/complaint for an offense which occurred within his precinct but defendant resides in another county?

Your request for an opinion is accompanied by a brief which also discusses the constitutionality of articles 4.12 and 45.22.

Article 45.22 of the Code of Criminal Procedure determines the venue of criminal charges filed in the justice courts of Harris County for the offense of issuing a bad check under section 32.41 of the Penal Code, and its provisions are mandatory. Except as provided if a justice of the peace is disqualified, it is not proper for a justice

of the peace in Harris County to accept such a bad check case when the offense does not occur within his precinct, but it is proper, regardless of the residence of the defendant, when the offense does occur within his precinct.

Section 32.41 of the Penal Code lists the elements that constitute the offense of issuance of a bad check and provides that such an offense is a Class C Misdemeanor. A Class C Misdemeanor is punishable only by a fine not to exceed $200, which punishment conforms to the constitutional and statutory jurisdiction of the justice court in this state. Article V, section 19, of the Texas Constitution provides in part that

> Justices of the Peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars . . . .

Article 4.11 of the Code of Criminal Procedure specifies that justices of the peace have jurisdiction in criminal cases where the fine to be imposed by law may not exceed $200. Accordingly, the offense of issuance of a bad check under section 32.41 is within the subject matter jurisdiction of the justice courts.

Venue does not limit or affect the jurisdiction that is prescribed by the constitution and by statute for the justice court. "Venue," as applied to criminal cases, means the place in which prosecutions are to begin, while "jurisdiction" means the power of the court to hear and determine the case. The terms are not synonymous. See Martin v. State, 385 S.W.2d 260 (Tex. Crim. App. 1964); Bradley v. Swearingen, 525 S.W.2d 280 (Tex. Civ. App. - Eastland 1975, no writ); Attorney General Opinion II-1026 (1977). The Texas Constitution gives the legislature power to fix venue and the courts power to change venue in the manner provided by law. Article III, section 45, of the constitution states that the "power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law; and the Legislature shall pass laws for that purpose."

We believe that articles 4.12 and 45.22 are merely venue requirements for criminal cases within the jurisdiction of the justice courts, including the offense of issuing bad checks under section 32.41 of the Penal Code. Article 4.12 establishes justice court venue for misdemeanor cases except to the extent that, in each of the several counties in the state which have a population of at least 225,000, article 45.22 fixes venue in the justice courts. Hence article 45.22, rather than article 4.12, is applicable in Harris County. See Bradley v. Swearingen, supra; Attorney General Opinion H-1026. Article 45.22 provides as follows:

Sec. 1.  No person shall ever be tried in any justice precinct court unless the offense with which he was charged was committed in such precinct.  Provided, however, should there be no duly qualified justice precinct court in the precinct where such offense was committed, then the defendant shall be tried in the justice precinct next adjacent which may have a duly qualified justice court.  And provided further, that if the justice of the peace of the precinct in which the offense was committed is disqualified for any reason for trying the case, then such defendant may be tried in some other justice precinct within the county.

Sec. 2.  No constable shall be allowed a fee in any misdemeanor case arising in any precinct other than the one for which he has been elected or appointed, except through an order duly entered upon the minutes of the county commissioners court.

Sec. 3.  Any justice of the peace, constable or deputy constable violating this Act shall be punished by a fine of not less than $100 nor more than $500.

Sec. 4.  The provisions of this Article shall apply only to counties having a population of 225,000 or over according to the last preceding federal census.

The language of article 45.22 indicates that its venue provisions are mandatory rather than permissive, and requires that a suit on the issuance of a bad check be filed in the precinct in which the offense was committed.  See Allied Artists Pictures Corp. v. Transcontinental Theatres, Texas, Inc., 573 S.W.2d 871, 872 (Tex. Civ. App. - Eastland 1978, writ dism'd); Attorney General Opinion H-1026.

A change of venue usually means changing the place of trial from one county to another.  Chapter 31 of the Code of Criminal Procedure provides for the change of venue to another county to secure an impartial trial on motion of the court or on motion of the defendant in either a felony case or a misdemeanor case punishable by confinement.  See V.T.C.S. arts. 31.01; 31.03(a).  The Texas statutes do not provide for change of venue in cases within the jurisdiction of the justice courts, namely, cases which are not punishable by confinement.  However, the United States Supreme Court has held that an individual has an inherent right to a change of venue if he demands

a jury trial and if it appears that an impartial jury and a fair trial cannot be obtained in the county. See Irvin v. Dowd, 81 S.Ct. 1639 (1961). At a time when the Texas statutes providing for a change of venue were limited to felony cases with one exception, a federal district court held that, under the due process clause of the 14th Amendment, it was the duty of the Texas judiciary to provide a fair trial by an impartial jury to a person charged with a misdemeanor punishable by confinement, even if to do so the court must grant a change of venue that contravenes state statutes. See Mason v. Pamplin, 232 F.Supp. 539 (W.D. Tex. 1964), aff'd, 364 F.2d 1 (5th Cir. 1966).

We believe that, if presented with the issue, the courts would find that every person accused of a criminal offense has a constitutional right to a trial by an impartial jury regardless of the punishment which may be accorded or the serious or petty nature of the offense. See also Tex. Const. art. I, §10. It is our opinion that, in the counties where it is applicable, article 45.22 fixes mandatory venue for trial in the justice court in the precinct in which a Class C Misdemeanor is committed. We believe that the courts would find that a defendant who demands a jury trial has a constitutional right to an impartial jury and to a change of venue if it is necessary for that purpose.

In answer to the first part of your second question, it is not proper for a justice of the peace in Harris County to accept a bad check case when the offense did not occur within his precinct. The mandatory provisions of article 45.22 require that the complaint be filed in the precinct where the offense occurred unless, of course, the justice of the peace in that precinct is disqualified. We answer the last two parts of your second question in the affirmative. It is proper for a justice of the peace to accept a bad check charge/complaint in both of those situations. The defendant's residence is not significant where article 45.22 determines venue. In each of the last two situations, the offense occurs within the precinct of the justice of the peace in question and venue is proper in that precinct.

The answers to the specific questions which you asked about articles 4.12 and 45.22 do not appropriately include answers to unrelated questions and therefore, we express no opinion on any other potential constitutional issues discussed in your brief.

## S U M M A R Y

Article 45.22 of the Code of Criminal Procedure is applicable in Harris County and provides mandatory venue requirements for charges filed in the justice courts for issuing a bad check under

section 32.41 of the Penal Code. Except as provided if a justice of the peace is disqualified, venue for misdemeanors in the justice courts in Harris County is limited to the precinct in which the offense occurs, regardless of the residence of the defendant.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton