**In re Honorable Thomas G. JONES, Justice of the Peace, Precinct 7, Place 1, Dallas, Dallas County, Texas,**

No. A–2000–1.

Special Court of Review
Appointed by the Supreme Court.

Aug. 10, 2000.

Donald W. Hicks, Sr., Dallas, Debra Wilson, co–counsel, Fort Worth, for Thomas G. Jones.

Seana Willing, Margaret J. Reaves, San Antonio, David Zimmerman, Austin, for Commissions.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, PAUL W. GREEN, Justice.

Opinion by: PHIL HARDBERGER, Chief Justice.

The Honorable Thomas G. Jones ("Judge Jones") requested de novo review of the State Commission on Judicial Conduct's ("the Commission") order requiring him to take eight hours of additional education.

A Special Court of Review was appointed by the Supreme Court to review the Commission's order. This Court heard evidence from several witnesses, including Judge Jones, as well as argument from his attorney and the Commission's attorney. The Court finds, in general terms, that Judge Jones is well intentioned and usually effective in his unorthodox methods. We also find, however, that Judge Jones at times ignores proper procedures and operates beyond the defined boundaries of the law. While effectiveness softens the edges of the law, it cannot justify departures from established and written directives of our legislature and superior courts.

We publicly admonish Judge Jones and order him to obtain additional education.

### BACKGROUND

The Commission received two complaints regarding Judge Jones. Both individuals alleged that Judge Jones improperly issued writs of attachment against them in response to applications for peace bonds.

The Commission concluded that Judge Jones had acted without legal authority by:

1) issuing writs of attachment on the basis of oral testimony, without hold-

ing hearings, and in the absence of written complaints;

2) ordering the parties to mediation;

3) failing to discharge an accused when there was insufficient evidence to support issuing a peace bond;

4) pursuing peace bond proceedings without consideration to due process, probable cause, jurisdiction, or venue; and

5) pursuing peace bond proceedings in cases involving allegations of stalking and family violence (here, the Commission concluded that a protective order might have been more appropriate).

The Commission found that Judge Jones violated two provisions of the Code of Judicial conduct:

2 A: A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

. . .

3 B(2): A judge should be faithful to the law and shall maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.

TEX.CODE JUD. CONDUCT, Canons 2 A, 3 B(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit G app. B (Vernon 1998). As a result, the Commission ordered Judge Jones to obtain eight hours of additional education with a mentor judge to remedy deficiencies in the area of writs of attachment and peace bond proceedings. Judge Jones requested appointment of a special court to review the Commission's decision. *See* TEX. GOV'T CODE ANN. § 33.034 (Vernon Supp.2000).

## PROCEDURE FOR REVIEW OF COMMISSION DECISION

Any judge may be removed from office, disciplined, or censured for:

[W]illful or persistent violation of rules promulgated by the Supreme Court of Texas, incompetence in performing the duties of the office, willful violation of the Code of Judicial Conduct, or willful or persistent conduct that is clearly inconsistent with the proper performance of his duties or casts public discredit upon the judiciary or administration of justice.

TEX. CONST. art. I, § 1–a(6)(A); *see In re Bell*, 894 S.W.2d 119, 122 (Tex. Spec.Ct.Rev.1995).

A trial before the special court of review is on a de novo basis "as that term is used in the appeals of cases from justice courts to county courts." TEX. GOV'T CODE ANN. § 33.034(e) (Vernon Supp.2000). All hearings and evidence are public. *See id.* The procedure for review is governed generally by the Texas Rules of Evidence and the Texas Rules of Civil Procedure. *See id.* § 33.034(f).

### Standard for Discipline

In deciding whether Judge Jones' acts are subject to discipline, we must decide whether they amount to a *willful* "violation of . . . the Code of Judicial Conduct." TEX. GOV'T CODE § 33.001(b)(2) (Vernon Supp. 2000); *see In re Bell*, 894 S.W.2d 119, 126 (Tex.Spec.Ct.Rev.1995). A review tribunal defined willful as requiring:

a showing, but not necessarily a finding, of bad faith. . . . [It] is the improper or wrongful use of the power of his office by a judge acting intentionally, or with gross indifference to his conduct. It involves more than an error of judgment or a mere lack of diligence. . . . A specific intent to use the powers of the judicial office to accomplish a purpose

which the judge knew or should have known was beyond the legitimate exercise of his authority may in and of itself constitute bad faith.

*In re Thoma,* 873 S.W.2d 477, 489, 490 (Tex.Rev.Trib.1994, no appeal).

### REVIEW OF CHARGES

The larger issue before us is whether Judge Jones willfully violated Canons 2 A and 3 B(2). The requirement of Canon 2 A that "a judge shall comply with the law" is "plain, obvious, . . . couched in mandatory terms" and is not aspirational. *See In re Barr,* 13 S.W.3d 525, 557 (Tex.Rev. Trib.1998, no appeal). Canon 3 B(2) contains an aspirational element ("should be faithful to the law") and a mandatory element ("shall maintain professional competence in it"). To decide whether Judge Jones willfully violated Canons 2 A and 3 B(2), the narrower questions are:

1) Has Judge Jones willfully failed to comply with the law?

2) Has Judge Jones willfully failed to maintain professional competence in the law?

To answer these questions, we review the evidence presented at trial and examine it in light of the law relating to peace bond proceedings and the requisites for a criminal complaint.

### Discussion

#### 1. Peace Bond Proceedings

##### a. The Impropriety of Writs of Attachment for Securing the Defendant's Presence in Peace Bond Proceedings

■ Upon receiving a complaint that the accused has breached the peace, a magistrate "shall immediately issue a warrant for the arrest of the accused." TEX. CODE CRIM. PROC. ANN. art. 7.01 (Vernon 1977). A writ of attachment is not the proper means to secure the accused's appearance at a peace bond hearing. *See id.* art. 45.014 (Vernon Supp.2000); *cf. id.* art. 24.11 (Vernon 1989). A hearing on the merits of the peace bond application is necessary before a peace bond is issued. *See id.* art. 7.02 (Vernon 1977). "When the accused has been brought before the magistrate, *he shall hear proof as to the accusation . . . .*" *Id.* art. 7.03. (Vernon Supp. 2000). If no good reason exists to issue a peace bond, the magistrate "shall discharge the accused." *Id.* art. 7.10.

In the present case, Judge Jones issued writs of attachment to bring the accused individuals into court. The Justice Court Deskbook does not authorize the justice of the peace to issue a writ of attachment for this purpose. Issuing an arrest warrant or a summons for the accused to answer the complaint are the only options for a magistrate who receives an application for a peace bond. *See* TEX. JUSTICE COURT TRAINING CTR., JUSTICE COURT DESKBOOK 16–20 (1998).

#### b. Mediation Is Improper in the Peace Bond Context

■ No authority exists that allows disputes arising from peace bond applications to be mediated. The *Civil* Practices and Remedies Code contemplates mediation in the family or civil context only. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 151.001 (Vernon 1997). The law of peace bonds is contained in the Code of *Criminal* Procedure. The Court of *Criminal* Appeals reviews cases regarding the propriety of peace bonds in particular instances. Peace bond proceedings are styled, "State of Texas v. Accused." Criminal cases and complaints that form the basis for peace bond applications both involve offenses that the accused is alleged to have committed "against the peace and dignity of the *State.*"

■ In addition to there being no authority to order mediation in a criminal context, there are practical reasons for not doing so. The Code of Criminal Procedure confers jurisdiction to the justice court with respect to the alleged offenses contained in the complaint. If there are unspecified issues between the parties surrounding the alleged offenses, those issues are not proper subjects of the peace bond hearing. The Code directs the judge to hold a hearing when the accused is brought before him. Finally, as the two applications for peace bonds demonstrate, a dispute that culminates in a peace bond application can be within the domestic context. If a complainant "agrees" to mediation, the complainant may find herself in a coercive environment where she has unwittingly sacrificed her right to obtain protection from the accused. Once the accused is brought before the justice of the peace, a peace bond hearing must be held. Ordering the parties to mediation or taking other action when there is insufficient support for a peace bond is inappropriate. In such circumstances, the Code requires that the accused shall be discharged. The proper procedures are outlined in the current version of the Justice Court Deskbook. *See* TEX. JUSTICE COURT TRAINING CTR., JUSTICE COURT DESKBOOK 16–20 (1998).

### 2. Criminal Complaints

■ A written complaint is a prerequisite to issuing a warrant for arrest. *See* TEX.CODE CRIM. PROC. ANN. arts. 45.014, 45.018, (Vernon Supp.2000). A justice of the peace may issue an arrest warrant when the criminal offense is committed within the justice's view or when the requirements for a written complaint have been completed. *See id.* arts. 45.014, 45.103.

Although a written complaint was filed in both cases, neither written complaint specified that there was a danger of future harm or threat of harmful conduct against the complainant. In order to fulfill this requirement, Judge Jones received oral testimony from the complainant. He did not, however, reduce this oral testimony to writing, in violation of the Texas Code of Criminal Procedure.

### 3. Jurisdiction and Venue

■ With limited exceptions, misdemeanors tried in the justice court "shall be tried in the precinct in which the offense was committed...." TEX.CODE CRIM. PROC. ANN. art. 4.12 (Vernon 1977). Article 4.12 is a venue requirement, and is not jurisdictional in nature. *See Bradley v. Swearingen,* 525 S.W.2d 280, 282 (Tex.Civ.App.-Eastland 1975, no writ). A justice of the peace court has jurisdiction to try a case that arose in another precinct. *See id.* (citing *Ex parte Von Koenneritz,* 105 Tex. Crim. 135, 286 S.W. 987 (1926)).

■ Here, the Commission accused Judge Jones of disregarding venue and jurisdictional provisions. This charge may have merit as to venue, but not with regard to jurisdiction. "[T]he determination of proper venue involves judicial discretion and is not a ministerial act." *See Bradley,* 525 S.W.2d at 282. Under the evidence presented for our review, Judge Jones has not violated the Code of Judicial Conduct in hearing a peace bond application relating to events or persons located outside his precinct but within Dallas County.

### 4. Protective Orders

■ A magistrate *may* issue an emergency protective order against a defendant for an offense involving family violence. *See* TEX.CODE CRIM. PROC. ANN art. 17.291–93. (Vernon Supp.2000). This is not a mandatory provision. The decision by Judge Jones not to issue protective orders

does not amount to a willful violation of the Code of Judicial Conduct.

## 5. Summary

Judge Jones, using his own methods, appears to mean well. The court has no doubt that his goal in this and similar cases is to do justice. But good intentions are not enough.

The law would be chaos unless all judges, including justices of the peace, follow the law including its procedures. The procedures that exist are designed to safeguard the parties' rights and let the public know what to expect. There is a reason for them and they are mandated by legislative enactments.

■ Mediation is not an appropriate method for resolving peace bond applications, breach of peace, or criminal matters. Justices of the Peace have no power or authority to order, suggest, or refer cases to mediation in criminal cases.

■ Justices of the Peace cannot use oral or unsworn testimony to justify an arrest warrant. They must follow the written statutes of the law.

Justices of the Peace cannot use a writ of attachment as the legal vehicle to bring the accused in a peace bond proceeding to the court.

■ Judges must follow the law, as dictated by the statute. Whether an alternative, but unauthorized method, could also be used to accomplish the same end is not relevant. Judges are given no discretion in complying with procedural requirements.

## FINDINGS OF FACT

1. Judge Jones issued writs of attachment in lieu of the appropriate summons or arrest warrants in peace bond proceedings.

2. The writs of attachment were issued on the basis of oral testimony.

3. Judge Jones ordered the defendant and victim to mediation, as part of the peace bond application process.

4. Judge Jones, who has held his office for 10 years, has undergone related remedial training in the past, and has the experience and education to know that these actions were contrary to the established laws of Texas.

## CONCLUSION OF LAW

■ It is this Court's conclusion that the Honorable Thomas G. Jones willfully violated Canons 2 A and 3 B(2) of the Texas Code of Judicial Conduct. He has failed to comply with the law and has failed to maintain professional competence in it.

## SANCTIONS

■ The Court publicly admonishes the Honorable Thomas Jones to abide by the Texas Code of Judicial Conduct, namely to comply with the law and maintain professional competence in it. Future violations of the Code of Judicial Conduct by Judge Jones could result in additional discipline, but we are confident Judge Jones will comply with the orders of this Court.

The Court also issues an order of additional education to the Honorable Thomas Jones. Pursuant to the order, Judge Jones must obtain eight (8) hours of instruction with a mentor judge, in addition to his required judicial education. In particular, the Court directs that Judge Jones receive instruction concerning the following areas of law: requisites of criminal complaints, peace bond proceedings, arrest warrants, writs of attachment, and the lim-

its of magistrate's authority to order mediation in peace bond proceedings.