Affirmed and Memorandum Opinion filed March 16, 2006









Affirmed
and Memorandum Opinion filed March 16, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00340-CR

____________

 

SHEPHERD H. SHEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 5431

 



 

M E M O R A N D U M   O P I N I O N

Following a jury trial, the municipal
court found appellant guilty of speeding and assessed a fine of $200.  Appellant appealed his conviction to the
county court at law, which affirmed the conviction. Appellant now appeals that
decision. We affirm.

While driving to work, appellant was
stopped for speeding on Park Row Boulevard in Houston.  The police officers who stopped appellant
testified he was driving fifty miles per hour in a thirty-five mile per hour
speed zone.








In addressing appellant=s appeal, we
review those points appellant raised before the reviewing county court at law.
See Tex. Gov=t Code Ann. ' 30.00027 (record
and briefs on appeal in county court at law constitute record and briefs on
appeal to court of appeals).  In his
first issue, appellant contends that the trial court erred in denying his
motion to quash the complaint because the complaint did not track the speeding
ordinance.  Appellant contends that he
moved to quash the complaint in the municipal court because the complaint
alleges the offense occurred on APark Row Boulvard,@ instead of APark Row
Boulevard.@ 
Specifically, appellant contends that because the street name was
misspelled in the indictment, the complaint did not state an offense for which
appellant could prepare a defense. 
Appellant first complained of the misspelling in his motion for new
trial.

In the municipal court, if the defendant
does not object to a defect, error, or irregularity of form or substance in a
charging instrument before the date on which the trial on the merits commences,
the defendant waives and forfeits the right to object to the defect, error, or
irregularity.  Tex. Code Crim. Proc. Ann. art. 45.019(f).  Because appellant failed to file a motion to
quash prior to trial, he has waived his right to object to the complaint.
Appellant=s first issue is overruled.

In his second issue, appellant contends
that the trial court erred in denying his motion to transfer the case to
Municipal Court No. 1 because that court was the court in which the complaint
was filed.  Relying on article 4.16 of
the Texas Code of Criminal Procedure, appellant argues that the conviction is
void for want of jurisdiction.  Article
4.16 provides, AWhen two or more courts have concurrent
jurisdiction of any criminal offense, the court in which an indictment or a
complaint shall first be filed shall retain jurisdiction except as provided in
Article 4.12.@ 
Article 4.12 provides that a misdemeanor case is to be tried in justice
court in the precinct in which the offense was committed or in the precinct in
which the defendant or any of the defendants reside.  Tex.
Code Crim. Proc. Ann. art. 4.12(a). 
Article 4.12 is a venue requirement and is not jurisdictional in
nature.  Bradley v. Swearingen,
525 S.W.2d 280, 282 (Tex. Civ. App.CEastland 1975, no
writ).  








Appellant argues that because pretrial motions
were made in Municipal Court No. 1, Municipal Court No. 8 does not have
jurisdiction.  The record, however, does
not reflect any pretrial motions made in Court No. 1.  The municipal court judge investigated the
record prior to trial in the municipal court and found no record of pretrial
motions being heard in Court No. 1. 
Article 4.12 provides that misdemeanor cases are to be tried in the
precinct where the offense was committed or where the defendant resides.
Appellant presented no evidence that the case was not tried in either the
precinct where it was committed or the precinct of the defendant=s residence.  Further, article 4.12 is not
jurisdictional.  Bradley, 525
S.W.2d at 282.  Therefore, even if the
trial court erred in failing to transfer the case, appellant=s conviction would
not be void for want of jurisdiction. 
Appellant=s second issue is overruled.

In his third issue, appellant contends
that the trial court erred in erroneously denying his challenges for
cause.  Appellant challenged jurors four
and fourteen for cause because they stated they would tend to lean more toward
a police officer=s testimony because of his or her position
as an officer.  Juror number fourteen was not
reached, so our analysis will be limited to juror number four.  At appellant=s request, the
trial court questioned juror number four about whether he would give more
credibility to a police officer simply because the officer was in uniform.  Juror number four answered that he would give
the officer more credibility, but that he could listen to the facts of the case
and weigh the evidence equally.  The
trial court denied appellant=s challenge for
cause.  Appellant used a peremptory
challenge to strike juror number four from the panel, then used two more
strikes, thereby exhausting his peremptory challenges.  Appellant did not request additional
peremptory challenges, and he did not complain of the trial court=s ruling until
after trial in his motion for new trial.








Harm from the erroneous denial of a
defense challenge for cause occurs (1) when a defendant exercises a peremptory
challenge on a veniremember whom the trial court erroneously failed to excuse
for cause at the defendant=s request, (2) the
defendant uses all of his statutorily allotted peremptory challenges, and (3)
the defendant was denied a request for an additional peremptory challenge,
which he claims he would use on another veniremember whom the defendant
identifies as objectionable, and who actually sits on the jury.  Escamilla v. State, 143 S.W.3d 814,
821 (Tex. Crim. App. 2004).  When these
conditions are met, the defendant is harmed because he had to use a peremptory
challenge to remove a veniremember who should have been removed for cause.  See Johnson v. State, 43 S.W.3d 1, 6
(Tex. Crim. App. 2001).  In this case,
appellant did not request an additional peremptory challenge.  By failing to make such a request, appellant
failed to give the trial court an opportunity to correct its error prior to
trial.  Because appellant failed to
request an additional peremptory challenge, he can show no harm from the denial
of the challenge for cause.  See id. at
7.  Appellant=s third issue is
overruled.

In his fourth issue, appellant contends
that the trial court denied him a fair trial by intimidating appellant=s counsel.  Prior to the voir dire examination, appellant
moved to transfer the case to Municipal Court No. 1 and claimed that the
transfer was necessary because pretrial motions had been heard in Court No.
1.  Outside the presence of the
veniremembers, the municipal court judge made the following comments:

THE COURT:  Prior to voir dire you made a motion on the
record averring that there were motions on this complaint made in Court 1.  And you also asked for a motion for transfer
up to Court 1 based on that reason.  I
found at that time it was a frivolous motion B or at least a ridiculous motion.

And I have now reviewed the Court=s file.  And there is no evidence whatsoever of any
motion being made before Judge Casanova. 
Even worse than just being ridiculous, it is absolutely a frivolous
motion.

This would be conduct that is
sanctionable under the Rules of Conduct. 
It is sanctionable in a court of law.

You will not get sanctioned
today.  But do not ever misrepresent a
file like that to me again.  Don=t make frivolous B 

 

MS. VO [defense counsel]:  But Judge B 

 

THE COURT:  B and ridiculous motions. 
There=s nothing here.

 








MS. VO:  Basically, what B 

 

THE COURT:  And if you=re going to make motions based on motions, you=ve got to have something to back it
up.

 

MS. VO:  Basically, what we were saying is that the
pretrial was held in Court 1.

 

THE COURT:  No. 
You told me there were motions that were made in Court 1 on this
case.  There is no reference to that.  And that=s not going to happen.

 

MS. VO:  Okay.

 

THE COURT:  Now, that=s B I wanted that on the record to
clarify that point.  Don=t do it again.

 

Appellant claims the trial court=s reprimand of
defense counsel violated the due process clause of the United States
Constitution and the Texas Constitution. 
See U.S. Const.
amend. VI; Tex. Const. art. I, ' 19.  In briefing this issue, appellant cites Webb
v. Texas, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972) for the
proposition that it is reversible error for a judge to intimidate a
witness.  Appellant cites no authority to
support his contention that he was denied due process because his counsel was
intimidated.

A defendant is denied due process if the judge, in fact,
treats him unfairly.  Margoles v.
Johns, 660 F.2d 291, 295 (7th Cir. 1981); Ex parte Brandley, 781
S.W.2d 886, 894 (Tex. Crim. App. 1989). 
Appellant presented no evidence that he was treated unfairly.  The record does not reflect appellant=s due process rights were violated.  Appellant=s fourth issue is
overruled.








In his fifth issue, appellant contends
that the conviction should be reversed because the jury did not render a
unanimous verdict.  After reading and
accepting the jury=s verdict, the court asked the jurors if
they had any questions about what occurred. 
One juror responded that he or she Ahad a suggestion,
but they wouldn=t accept it.@  The juror then explained, AI figured he
should have had community service with troubled children.@  Appellant argues the trial court should have
returned the jury for further deliberation.

Article 37.04 of the Texas Code of
Criminal Procedure provides that when the jury agrees on a verdict, is brought
back into court, and states that it so agreed, the verdict is to be read
aloud.  If the verdict is in proper form,
no juror dissents, and neither party requests that the jury be polled, the
verdict must be entered in the court=s minutes.  See Wood v. State, 87 S.W.3d 735, 739
(Tex. App.CTexarkana 2002, no pet.).  In this case, the juror=s remarks were
made after the verdict was accepted, and no jury poll was requested.  By failing to request a jury poll or object
to the trial court=s failure to require further deliberation,
appellant failed to preserve error.  See
Tex. R. App. P. 33.1.  Appellant=s fifth issue is
overruled.

In his sixth issue, appellant contends
that the evidence is legally insufficient to support his conviction because the
proof did not match the complaint. 
Specifically, appellant argues that because the complaint misspelled ABoulevard,@ the evidence was
insufficient to show the speed limit on Park Row Boulevard was thirty-five
miles per hour.

A variance between a charging instrument
and the proof at trial will be fatal to a conviction only if it is
material.  Gollihar v. State, 46
S.W.3d 243, 257 (Tex. Crim. App. 2001). 
A variance is material if it prejudices the defendant=s substantial
rights.  Id.  A defendant=s substantial
rights are prejudiced if (1) the charging instrument failed to inform the
defendant of the charge against him sufficiently to allow him to prepare an
adequate defense at trial, or (2) the charging instrument would subject the
defendant to the risk of being prosecuted later for the same crime.  Id. at 248.








There is no indication in the record that
appellant was not sufficiently informed of the charge against him or that he
was surprised by the proof at trial.  Nor
is appellant in danger of being prosecuted again for the same speeding
offense.  The entire record is examined
for double jeopardy purposes, not just the charging instrument.  Ex parte Goodbread, 967 S.W.2d 859,
860 (Tex. Crim. App. 1998).  The record
is clear that appellant was stopped for speeding on Park Row Boulevard and was
convicted of speeding on Park Row Boulevard. 
The misspelling of ABoulevard@ did not
substantially prejudice appellant=s rights at
trial.  Appellant=s sixth issue is
overruled.

The judgment of the trial court is
affirmed.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 16, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).