Opinion issued June 7, 2007 





 













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00681-CR

__________


ERIKA A. ESPINOZA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 13

Harris County, Texas

Trial Court Cause No. 5439






MEMORANDUM OPINION

 A jury found appellant, Erika A. Espinoza, guilty of the misdemeanor offense
of failing to control her speed resulting in an accident (1) and assessed her punishment
at a $200 fine. Appellant appealed her conviction to the County Criminal Court at
Law, which affirmed the municipal court's judgment. (2) In three issues, appellant
contends that the municipal court erred in denying her motion to transfer the case to
another municipal court, denying her motion for instructed verdict because there was
insufficient evidence to establish that the complainant's vehicle "was on the highway
in compliance with law and the duty of each person to use due care," and denying her
"objection to the proposed jury charge" because the State failed to prove the correct
name of the complaining witness." 

 We affirm. 

Factual and Procedural Background

 The complainant, Erika A. Bowman, testified that after she stopped her car for
a red light at an intersection, she was hit from behind by a car driven by appellant. 
The collision, which the complainant described as of "medium" power, bent the
bumper of her car and "mashed up" the hood of appellant's car. The collision also
injured the complainant's neck. The complainant called for emergency assistance,
and, when a police officer arrived, she told him that she had been sitting at the red
light and had been hit from behind. The complainant provided a statement to the
police officer, but appellant had already left the scene. However, the complainant
noted appellant's license plate number. The complainant subsequently discovered
that the collision caused her vehicle's frame to crack in two places. 

 Houston Police Officer S. Salley testified that he was dispatched to the scene
in response to the collision. When Salley arrived, he found the complainant with her
car, which had been damaged in the collision and that appellant had already left the
scene. The complainant told Salley that she had been hit from behind while stopped
for a red light.

Transfer


 In her first issue, appellant argues that the trial court erred in denying her
motion to transfer the case to City of Houston Municipal Court Number 12 from
Municipal Court Number 8 "because municipal court number 12 retained jurisdiction
while municipal court number 8 did not." Appellant asserts that the "conviction is
void because [Municipal] Court Number 8 lacked jurisdiction."

 In support of her argument that the case should have been transferred to
Municipal Court Number 12, appellant relies on article 4.16 of the Texas Code of
Criminal Procedure, which provides, "When two or more courts have concurrent
jurisdiction of any criminal offense, the court in which an indictment or a complaint
shall first be filed shall retain jurisdiction except as provided in Article 4.12." Tex.
Code Crim. Proc. Ann. art. 4.16 (Vernon 2005). (3) Article 4.12 provides that a
misdemeanor case is to be tried in justice court in the precinct in which the offense
was committed or in the precinct in which the defendant or any of the defendants
reside. Id. art. 4.12(a) (Vernon 2005). Article 4.12 is a venue requirement and is not
jurisdictional in nature. Bradley v. Swearingen, 525 S.W.2d 280, 282 (Tex. Civ.
App.--Eastland 1975, no writ).

 Here, appellant asserts that the case was originally filed in Municipal Court
Number 12. However, the record also contains a subsequent "notice of a trial by
jury," which is signed by appellant, indicating that the case had actually been
assigned to Municipal Court Number 8. Nevertheless, under the rules for the City of
Houston Municipal Courts, "[a] judge may transfer any case set in his court to another
court, provided that the transferee court accepts the case. No specific order of
transfer need be entered of record." Rules of the City of Houston Municipal
Courts 21(b). The record establishes that Municipal Court Number 8, to the extent
it was a "transferee" court under this rule, accepted the case. Accordingly, we hold
that the municipal court did not err in denying appellant's motion to transfer the case
to Municipal Court Number 12. 

 We overrule appellant's first issue.

Legal Sufficiency

 In her second issue, appellant contends that the trial court erred in denying her
motion for instructed verdict because there is insufficient evidence to establish that
the complainant's car "was on the highway in compliance with law and the duty of
each person to use due care." Appellant asserts that the State should have "negated
the possible violations" of "countless" laws that the complainant "may not have been
in compliance with" at the time of the collision. For example, appellant complains
that the State never asked the complainant if "she wore her seat belt, had an
inspection sticker, a driver's license, or proof of financial responsibility."

 A challenge on appeal to the denial of a motion for directed verdict is a
challenge to the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479,
482 (Tex. Crim. App. 1996). We review the legal sufficiency of the evidence by
viewing the evidence in the light most favorable to the verdict to determine whether
any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim.
App. 2005). The trier of fact is the sole judge of the weight and credibility of the
evidence. Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus,
when performing a legal sufficiency review, we may not reevaluate the weight and
credibility of the evidence and substitute our judgment for that of the fact finder. 
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

 The State accused appellant of failing to control her speed resulting in an
accident under section 545.351(b)(2) of the Texas Transportation Code, which
provides that an operator of a motor vehicle "shall control the speed of the vehicle as
necessary to avoid colliding with another person or vehicle that is on or entering the
highway in compliance with law and the duty of each person to use due care." See
Tex. Transp. Code Ann. § 545.351 (Vernon 1999).

 Here, the complainant testified that when she stopped her car at a red light, she 
was hit from behind by a car driven by appellant. In response to appellant's
questioning, the complainant confirmed that she had not moved from one lane to
another during this time and had done nothing other than stop her car for the red light
before being hit by appellant. Thus, the only evidence in the record on this issue
shows that the complainant was exercising due care at the time of the collision, and
there is no evidence that the complainant committed a moving violation at the time
of the collision. 

 Furthermore, section 545.351(b)(2) does not require the State to prove that, at
the time of a collision, a complainant wore a seat belt or had an inspection sticker, a
driver's license, or proof of financial responsibility at the time of the accident. See
id. Viewing all the evidence in the light most favorable to the jury's verdict, we
conclude that a rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Accordingly, we hold that the evidence is legally
sufficient to support her conviction. We further hold that the trial court did not err
in denying appellant's motion for instructed verdict on the ground that there was
insufficient evidence to establish that the complainant's vehicle "was on the highway
in compliance with law and the duty of each person to use due care." 

 We overrule appellant's second issue.

Jury Charge

 In her third issue, appellant contends that the trial court erred in denying her
objection to the proposed jury charge because "the State failed to prove the correct
name of the complaining witness." Appellant notes that although the complaint in the
case identifies the complainant by putting her last name first, as "Bowman A. Erika,"
the jury charge identifies the complainant as "Erika A. Bowman."

 When legal sufficiency of the evidence is challenged based on a variance
between the charge and the evidence, we review the variance for materiality, because
only a "material" variance will render the evidence insufficient. See Gollihar v. State,
46 S.W.3d 243, 257 (Tex. Crim. App. 2001); Smith v. State, 763 S.W.2d 836, 839
(Tex. App.--Dallas 1988, pet. ref'd). When reviewing the "materiality" of the
variance, we must determine whether the variance deprived the defendant of notice
of the charges and acted as a surprise, or whether the variance subjects the defendant
to the risk of later being prosecuted for the same offense. Fuller v. State, 73 S.W.3d
250, 253 (Tex. Crim. App. 2002). The burden of demonstrating such surprise or
prejudice rests with the defendant. Human v. State, 749 S.W.2d 832, 837 (Tex. Crim.
App. 1988).

 Here, the complainant was identified in the accident report, and throughout
trial, as Erika A. Bowman. There is no indication in the record that appellant did not
know who she was accused of injuring. Fuller, 73 S.W.3d at 254. Nor is there any
indication that appellant was surprised by the proof at trial. Id. Finally, any variance
between the complaint, the charge, and the evidence did not subject appellant to the
risk of later being prosecuted for the same offense. Id.

 Accordingly, we hold the variance was not material, the evidence is legally
sufficient to prove the identity of the complainant, and the trial court did not err in
denying appellant's objection to the proposed jury charge. 

 We overrule appellant's third issue.

Conclusion


 We affirm the order of the County Criminal Court at Law.



 Terry Jennings

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.


Do not publish. Tex. R. App. P. 47.2(b).

1. See Tex. Transp. Code Ann. § 545.351 (Vernon 1999).
2. In addressing appellant's appeal, we review those points that appellant raised before
the reviewing county court at law. See Tex. Gov't Code Ann. § 30.00027 (Vernon
2004) (record and briefs on appeal in county court at law constitute record and briefs
on appeal to court of appeals). 
3. We note that the purpose of article 4.16 is to "prevent any confusion or contention
between different courts having concurrent jurisdiction and each seeking to exercise
jurisdiction and not to shield an accused from prosecution." Garcia v. State, 901
S.W.2d 731, 732 (Tex. App.--Houston [14th Dist.] 1995, pet. ref'd). The statute does
not render proceedings in the second court void. Id. Thus, even if there is a
mandatory priority of jurisdiction under article 4.16, such jurisdiction may be waived
in favor of a second court with proper jurisdiction. Id.